## THE CENTRAL RAILROAD AND BANKING CO. *v.* WARREN.

1. In an action against a railroad company for damages for killing one mule and injuring another, it was not error to allow the plaintiff to testify as to the expense of feeding and doctoring the crippled mule during the time it could not work, as a measure of damages touching that animal.

2. The general charge stating that if the company had used all reasonable and ordinary care and diligence to prevent the injury, the plaintiff could not recover, an instruction to find out who was upon the train, what they did, what kind of a lookout they kept, and whether the company's servants were doing all they could have done, was not erroneous.

3. The entire charge, taken together, stated correctly and impartially the law as applicable to the case.

SIMMONS, J., not presiding, because of sickness.

January 29, 1890.

Railroads. Damages. Negligence. Evidence. Charge of court. Before Judge GUSTIN. Houston superior court. October term, 1888.

The injury was alleged to have occurred on February 12th, 1887. The testimony introduced at the trial tended to show the following: The plaintiff was engaged in hauling wood with the wagon and mules,

which were being driven by a careful driver in his employment, from a patch of woods not very far away, to the defendant's track, the wood being piled up near the track, in a regular stack about four feet wide and about six feet high. The driver had driven the team into the woods, and was about to put a load of wood on the wagon ; he put on two or three sticks, when suddenly the mules started to run. The driver seized the reins and tried to hold them back, but although they were good reins, the animals broke them and ran at considerable speed, so that the driver was unable to keep up with the wagon, and soon they disappeared from sight. He went in one direction to head them off, as he testified, but they seem to have taken another way ; they continued to run towards the railroad track and tried to cross it from the right-hand side, but at what speed they were then going seems uncertain. Some testimony indicated that they were walking. As they were endeavoring to pass over, defendant's passenger-train, consisting of engine, tender and three coaches, struck them, knocking them off the left-hand side and inflicting the injuries. The mule killed was worth $150, and the other $100 or more; the latter was unable to work for three months, during which time the plaintiff was put to the expense of six or seven dollars a month for feeding, besides other expense for treatment, doctoring, etc. The wagon was a good, and comparatively new one, and was very badly injured. The team was not seen by either the engineer or the fireman until they were within 15 or 20 feet of it; whether it could have been seen before, is a matter of conflict in the testimony. The plaintiff's witnesses testified, in effect, that it could have been seen some distance before reaching the track at the station where the train started. The defendant's witnesses testified that the injury occurred at the north end of a curve (the train moving

northward at the time) and that because of this fact, and the further fact that the animals came from behind the upper or north end of a pile of wood, together with the obstruction caused by bushes and small trees in the field on the side of the track, it was impossible to see the mules or wagon sooner. According to the plaintiff's testimony, the injury occurred at the south end of the curve, from which point to the depot at the station at which the train had stopped and had just left, the track was nearly or quite straight, the distance being between one fourth and one half mile. The engineer testified positively that he was at his post and on the lookout, and that nothing was omitted that could have been done to prevent the killing. He was on the right side of the engine; the fireman, whose place was on the left side of the engine, was not on the lookout. According to the testimony of the engineer, the train was moving at about 25 miles an hour when it struck the team; the fireman's estimate was but little over half that much. The plaintiff subsequently swapped the injured mule for another, paying $90 to boot; he estimated the injuries to the wagon at about $45. His testimony indicates that the open space on the right side of the track was quite large, and that such small bushes as were growing amounted to little or no obstruction in the view from the station, especially as there were no leaves on the trees at the time. The testimony further shows that there were two cuts through elevations of the territory through which the track passed, between the station and the place of the injury, and that the injury occurred beyond the second cut. When the engineer did see the team ahead, he applied brakes, and the train stopped a short distance after striking the team.

The jury found for the plaintiff $277.65; and the defendant moved for a new trial on the grounds stated in

the decision. The motion was overruled, and exception was taken.

R. F. LYON, for plaintiff in error, cited 38 Am. & Eng. R. Cas. 300, 308–9; 11 *Id.* 475; 13 *Id.* 517; 83 Ala. 196; 58 *Id.* 594; 64 Miss. 637; 37 Ark. 593; 40 Iowa, 47; 75 Ill. 557; Thomp. Neg. 506.

HARDEMAN & DAVIS, *contra*, cited 80 *Ga.* 146; 62 *Ga.* 679; 74 *Ga.* 736; 75 *Ga.* 282, 704; 78 *Ga.* 603, 619.

BLANDFORD, Justice.

An action was brought by Warren against the railroad company to recover damages for the killing of one mule and for injuries to another mule and a wagon; and a verdict was had in his favor. The railroad company moved for a new trial, upon the general grounds that the verdict was contrary to law and to the evidence, and upon the following special grounds:

1. Error in allowing the plaintiff to testify, over objection of defendant, as to the expense of feeding and doctoring the crippled mule during the time it could not work; the court ruling that it was a measure of damages as to the mule. We do not think there was any error in this ruling of the court, under the evidence submitted in the case.

2. Error in charging: "Now find out, gentlemen, who was upon the train, what they did, what kind of a lookout they kept, whether the servants of this company were doing all they could have done." We do not think this charge was error, inasmuch as the court in its general charge stated to the jury that if the company had used all reasonable and ordinary care and diligence to prevent the injury to the plaintiff's property, he could not recover.

3. Error in charging: "See whether there was anything on the track, and whether they were keeping a proper lookout; and inquire where this property came

from, if it came upon the track; inquire the rate of speed at which it was traveling; inquire whether it came to a point where it was seen or ought to have been seen by the employés of the railroad company." We do not see any error in this charge. Taking the entire charge of the court together, it does not appear that these instructions caused any damage to the plaintiff in error. The charge as set out in the record correctly stated the law as applicable to the case, and as fairly and impartially as, it seems to us, was requisite.

*Judgment affirmed.*