## 11369. STREETMAN *v.* BUSSEY.

Whether the plaintiff, a 13-years-old boy, was exercising due care for his own protection, according to his age and capacity, in crossing a public road, when struck and injured by the defendant's automobile, was, under the facts alleged in the petition, a question to be determined by a jury.

A cause of action was set out in the petition, and the court erred in dismissing the action on general demurrer.

DECIDED OCTOBER 13, 1920.

Action for damages; from Muscogee superior court — Judge Howard. February 9, 1920.

The petition in substance alleges: that the plaintiff, Dan Streetman, a minor thirteen years of age, suing by his next friend, was engaged as a delivery boy for a milk truck; that the truck was stopped facing west on the north side of the public road leading west from Macon toward Columbus, and directly across the road

from Jackson's store, in the village of Wynnton; that "at all times during the day pedestrians constantly crossed said road to and from Jackson's store, which is located at the intersection of said Wynnton or Macon road with the Buena Vista road;" that on the day of the injury the plaintiff, being desirous of obtaining a drink of water at said store, started across said road, which at that point was about fifty feet wide; that before he "attempted to cross said road as above alleged, he looked up and down said road and saw no vehicles of any sort approaching and didn't see the automobile of defendant, which came up thereafter at a rapid rate, and that he, the said Dan Streetman, passed to the north and around in front of said milk wagon, and could not have seen the automobile of the defendant in the exercise of due care on his part, but that the said defendant could have seen the movement of the body of said Dan Streetman around said milk truck when he started across said road;" that when about half the distance across the road and as he was in the act of crossing it he was suddenly and without warning struck and injured by the automobile driven by the defendant, which was approaching from the east and coming up behind the truck at a rapid and negligent rate of speed, to wit, 35 or 40 miles an hour; that the defendant failed to give any sort of warning of his approach, "although defendant had immediately crossed one intersecting highway and was within a few yards of another, and persons were on both sides of said road;" that the defendant failed to keep a lookout for persons who might be expected to be crossing the road at this point, and failed either to stop, slow down, or turn the car aside, as he might have done, in order to prevent injury to the plaintiff. The injuries are described in the petition, and all of the defendant's conduct set forth above is alleged to be negligence. The defendant filed a general demurrer, in which he alleged that no cause of action was set out, "because it affirmatively appears from the allegations of said petition that the plaintiff suddenly came from behind the standing truck at a time and place when the defendant could not see and know of his presence and peril, and at a place where defendant was under no legal obligation to anticipate the plaintiff's presence and peril." The demurrer was sustained and the suit dismissed.

*F. U. Garrard, A. S. Bradley,* for plaintiff.

*Battle & Arnold,* for defendant.

JENKINS, P. J. The defendant contends that the allegations of the plaintiff to the effect that upon starting around the car and across the street he first looked to ascertain if danger existed, and was unable to discern the approach of defendant's car, although the driver might at that time have seen the plaintiff, are manifestly incredible, and that the court will not accept, even on demurrer, a statement contained in a petition which on its face could not be true. He contends also that the plaintiff's act of negligence in suddenly coming out into the road from behind the truck was such lack of care on his part as would necessarily prevent a recovery, despite the age of the plaintiff, since he by his petition charges himself with the degree of knowledge and discretion the exercise of which would have been sufficient to his protection. The determination of questions as to negligence lies peculiarly within the province of the jury. This general rule has been often stated both by the Supreme Court and by this court, and it is only in plain and indisputable cases that the court will be authorized to determine questions of negligence on demurrer (*Western Union Telegraph Co.* v. *Spencer,* 24 *Ga. App.* 471 (1), 101 S. E. 198). But, even if we were to assume, under the state of facts alleged in the petition, that this child was in some degree lacking in care in starting out across the road, it would still be a question for the jury to determine what it was that constituted the proximate cause of the injury; that is to say, what and whose negligence the injury is properly attributable to. *White* v. *Seaboard Air-Line Ry. Co.,* 14 *Ga. App.* 139 (80 S. E. 667); *Ga. Ry. & Power Co.* v. *Ryan,* 24 *Ga. App.* 288 (100 S. E. 713); *Central of Ga. Ry. Co.* v. *Larsen,* 19 *Ga. App.* 413, 418 (91 S. E. 517).

Ordinary care is defined to be that care which every prudent man exercises under the same or similar circumstances. In this case, however, the plaintiff, being a child less than fourteen years of age, was not bound to exercise the ordinary care exacted of every prudent man, but was bound only to exercise due care according to his age and capacity. *Kendrick* v. *High Shoals Mfg. Co.,* 21 *Ga. App.* 315 (94 S. E. 987); Park's Ann. Code, § 3474. In the case of *Central R. Co.* v. *Rylee,* 87 *Ga.* 491 (13 S. E. 584,

13 L. R. A. 634), the Supreme Court used the following language: " Where a child under fourteen years of age is injured and brings his action for the injury, and there is a demurrer to the declaration on the ground that the allegations therein show that the child did not observe due care or could have avoided the injury by the observance of such care, the court may overrule the demurrer, on the ground that prima facie the child did not have sufficient knowledge or capacity to know what was due care, or sufficient capacity to have avoided the injury by its observance, and may invoke the analogy of the criminal law, and hold that the presumption is that the child did not know or did not have sufficient capacity, as was held in the case of *Rhodes* v. *Railroad, 84 Ga.* 329. But where there is no demurrer and the case is submitted to the jury, there is no presumption one way or the other, and the jury must find from the evidence whether the child had sufficient capacity at the time of the accident to know the danger, and to observe due care for its own protection. If it has such capacity and voluntarily goes into danger or to a dangerous place, it cannot recover, otherwise it can. *Young* v. *Railroad, 81 Ga.* 397, s. c. 83 *Ga.* 512. It depends altogether upon the capacity of the child at the time of the injury. The better rule would be for the jury to deal with each case upon its own facts, unhampered by presumptions of law either for or against the competency of the child."

We do not think that because the plaintiff alleges that he in fact exercised " due care," and set out acts and conduct on his part in support of such claim, in that he sought to look out for danger before attempting to cross the highway, the judge would be authorized, on demurrer, to determine what care should be exacted of the plaintiff, and that the plaintiff failed to meet his obligations. The allegations might well be taken to indicate that the plaintiff was a boy of sufficient intelligence and discretion to know that in crossing the highway he would be subjected to danger from the operation of automobiles, and that it was his duty to use his own discretion, whatever that might be, to protect himself. In the exercise of that discretion, however, conduct or delinquencies which could be taken as amounting to palpable negligence on the part of an ordinarily prudent man might not be accounted as negligence at all when considered as acts or omissions on the

part of a boy thirteen years of age. At the time the plaintiff claims that he looked out for approaching cars, the car of the defendant, if traveling at the speed alleged, must necessarily have been a very considerable distance away, since the plaintiff says he had traversed half the distance across the road before he was struck. We think it was for the jury to say whether the plaintiff failed to exercise due care, according to his actual capacity and discretion, both in what he did and the manner in which he did it, before entering upon the highway at the alleged usual crossing place, or whether the proximate cause of the injury was negligence of the defendant in approaching the place of the injury in the manner described. If the injury did not result from the failure of the plaintiff to exercise the degree of care and caution incumbent upon him, and if it was not brought about by the negligent operation of the defendant's car, then it would be a mere casualty for which no one would be to blame. This is illustrated in numerous instances where small children unexpectedly place themselves in the immediate path of a car which is being carefully and properly operated.

In the case before us, negligence is charged on the part of the defendant as constituting the proximate cause of the injury, and we do not think that it necessarily follows from the particular facts and all the circumstances set forth that the plaintiff failed to exercise that degree of care and caution which his actual capacity and discretion might have exacted of him, before entering upon the highway, and that the proximate cause of the accident was his failure so to do. It appears from the petition that the plaintiff had traversed about half of the distance of the roadway, or about twenty-five feet, before he was struck, and questions naturally arise relative to the respective duties owing by the plaintiff and the defendant in reference to the conduct of each, after the plaintiff had entered upon the highway, as well as the manner of his entrance thereon. Even after the plaintiff had entered upon the highway it was his duty to exercise that same degree of care and discretion with which one of his age and capacity was actually chargeable under the circumstances; and it was the duty of the defendant to exercise ordinary care and prudence not to injure the plaintiff, even though the plaintiff may have been in some degree lacking in care. The petition charges that the injury could

have been avoided by the exercise of ordinary care on the defendant's part. Viewing all the facts and circumstances as set forth by the petition, we think it was error for the trial judge to dismiss the case on general demurrer. See *Moye* v. *Reddick, 20 Ga. App.* 649 (93 S. E. 256); *Ware* v. *Lamar, 16 Ga. App.* 560 (2) (85 S. E. 824), in which the facts are somewhat similar to those here alleged; and see Ga. L. 1910, p. 92, sec. 5; Park's Code Supp. 1917, § 828 (dd), in regard to the prescribed duties of a person driving an automobile.

*Judgment reversed. Stephens and Smith, JJ., concur.*