32513. LOWE *v.* ATLANTA MASONIC TEMPLE CO. INC.

Decided June 10, 1949.   Rehearing denied July 11, 1949.

*MacDougald, Troutman, Sams & Branch, McLennan & Cook, L. F. Wynn,* for plaintiff.

*John M. Slaton,* for defendant.

Townsend, J. (After stating the foregoing facts.) ■ According to the petition, when the plaintiff came onto the premises of the defendant corporation, he was invited by the secretary of the order of which he was a member, the same being a tenant of the defendant corporation. He was expected by the same man as a member of the board of directors of the defendant corporation, and the practice and custom of using the elevator floor at the street level as the place for storing articles to be picked up by the plaintiff and others similarly situated had long been known to and participated in by the superintendent in charge of the building and the other employees of the defendant on the premises, including the man who moved the elevator on this occasion. These allegations, together with the one that the same practice and custom included that of the plaintiff and others similarly situated going to the elevator and opening the door to get the articles of merchandise therefrom, constituted the plaintiff an invitee by implication of the defendant corporation, and the plaintiff, in opening the door of the elevator shaft for the purpose of entering the elevator to get his coca-colas, did not go beyond that part of the premises to which, as the situation reasonably appeared to him, the invitation extended. It follows, therefore, that the defendant is liable in damages to the plaintiff in the instant case if he failed to exercise ordinary care in keeping the premises and approaches safe for the plaintiff, and provided the plaintiff was not guilty of such contributory negligence as to bar his recovery. The authorities cited in headnote 1 (a), (b), and (c), are ample to support this statement and this headnote and its subdivisions require no further elaboration.

■ One of the acts of negligence charged against the defendant is the violation of a city ordinance providing that electric

passenger elevators not equipped with hoist-way door locks and electric contacts shall be equipped with inner locks. The allegations of the petition are that the elevator shaft at the first floor was equipped with a door that could be opened from the outside even though the elevator was not present at that floor level because the latch on the door had become worn, loose and defective. The petition is silent about what kind of door was on the elevator itself. This question is immaterial, anyway, because the elevator was not on the floor from which the plaintiff fell and the kind of doors with which it may have been equipped could have in no way contributed to the fall. The petition therefore alleges no actionable negligence per se.

The conduct of the defendant corporation, through its officers, agents and servants, consisting of alleged acts of omission and commission, and contended to constitute such negligence as amounts to the lack of exercise of ordinary care in keeping the premises safe for the plaintiff must be measured in the light of whether or not different minds might reasonably draw different conclusions on this issue. The same is true as to whether or not the plaintiff was guilty of such contributory negligence as amounted to the lack of exercise of ordinary care for his own safety, and thus bar recovery. If reasonable minds might differ, it is a jury question (see cases cited in headnote 2 (a)). On the other hand, if such conduct is susceptible of but the one inference that it does not amount to the degree of negligence charged, the demurrer to the petition should have been sustained. See cases cited in support of this proposition in headnote 2 (a).

The same rules apply in measuring the conduct of the plaintiff to determine whether it amounts to the exercise of ordinary care for his own safety, or whether it amounts to such contributory negligence as to bar his recovery. See *Macon Telegraph Publishing Co.* v. *Graden,* supra.

Counsel for both sides have submitted excellent briefs in support of their contentions which are exhaustive on the subjects under discussion including this one. Many of the cases cited by each side appear to be in point and conclusive of the questions here in favor of the side of counsel citing them. After thorough study of all the cases cited by counsel for both sides it becomes more and more apparent that in reviewing the cases on the sub-

ject of liability for injuries to invitees on the premises of others, that each case rests on its own peculiar facts. This is more or less true as to all negligence cases and is especially applicable to actions based on Code § 105-401 and seems to apply with peculiar particularity to elevator cases such as the one now under consideration.

However, in this connection it is well to remember, that it is only in a plain indisputable case that the court is authorized to determine questions of negligence. See *Streetman* v. *Bussey*, 25 *Ga. App.* 694 (104 S. E. 517). Here, considering the instant case on its own facts, we find that according to the allegations of the petition of the plaintiff, the defendant was expecting the plaintiff or someone similarly situated to come onto the premises at the time the plaintiff came; that he was expected by the agents and servants of the defendant to enter the elevator to get his coca-colas; they knew that the elevator shaft and elevator were dark and that upon opening the doors to the shaft it could not be determined by sight whether or not the elevator was at that level; they knew that the doors could be opened by anyone when the elevator was not in place, although the plaintiff thought that, when the doors could be opened, the elevator was there; the elevator was used but little during the day and at the time when the plaintiff came by for his coca-colas; officers, agents and servants of the defendant had participated in establishing the custom of using the elevator floor as the delivery room for coca-colas and other parcels to be delivered by its tenants to the plaintiff and others similarly situated, and the employee of the defendant who moved the elevator on the occasion in question is alleged to have had all this knowledge and notice at the time the elevator was moved by him. With all this knowledge and notice on the part of the officers, agents and servants of the defendant, it is charged that they were negligent in moving the elevator, in not warning the plaintiff that the elevator was not there, in not warning the plaintiff that the door to the elevator shaft was defective, in failing to keep the elevator shaft lighted, and in other ways.

We are not prepared to say that the defendant is, as a matter of law, not guilty of such negligence as would authorize a recovery in this case, nor can we say that the plaintiff was guilty

of such contributory negligence as would amount to lack of the exercise of ordinary care for his own safety, and thus bar his recovery. We think the cases nearest in point·are *Camp* v. *Curry-Arrington Co.*, 41 *Ga. App.* 53, and *Morris* v. *Deraney*, 68 *Ga. App.* 308 (supra). In the former, the plaintiff was injured while undertaking to deliver ice into the basement of the building by means of the elevator. When the ice truck arrived at the building, the elevator was at the basement level. While the plaintiff delivered a small piece of ice to a barbershop across the street, his helper went to the basement and moved the elevator to the first floor level. He then returned to the ice truck, from which he and the plaintiff unloaded a large block of ice, which the plaintiff, with a pair of ice hooks, dragged across the room toward the elevator, which he understood to be still in place at the first floor level where it had been left by his helper. However, in the meantime, without the plaintiff's knowledge, some person had moved the elevator to another level without closing the door to the shaft. The shaft being located at a place where there was but little light, the plaintiff, in attempting to drag the ice across the floor onto the elevator, was precipitated through the shaft to the bottom of the basement and seriously injured. In holding there that issues of fact were involved which should have been submitted to the jury, both as to negligence of the defendant and as to the want of care on the part of the plaintiff, this court reversed the case because the trial court awarded a nonsuit. It is true that in that case the plaintiff was doing business directly with the owner and occupier of the building and the invitation was therefore express rather than implied. However, the degree of care required of the owner or occupier of the premises in each instance is the same whether the invitation be express or implied. In both instances the invitee is expected. The *Camp* case is more in point on the question of whether·or·not the plaintiff was in the exercise of ordinary care and this was also held to be a question for the jury. See *Wynne* v. *So. Bell·Tel. &c. Co.*, 159 *Ga.* 623 (2) (126 S. E. 388) ; *Collins* v. *Augusta-Aiken Ry. &c. Co.*, 13 *Ga. App.* 124 (2) (78 S. E. 944).

The allegations as to the full knowledge of the officers, agents and servants of the defendant that the plaintiff was to call for

the coca-colas which were to be located on the floor of the elevator at the street level and the custom and practice of those using the elevator as the delivery place for articles of merchandise, together with the allegation that the elevator in the daytime would be frequently left standing at the ground floor of the building, would, upon being established by evidence, authorize the jury to find that the plaintiff was warranted in assuming that the elevator would be there. However, in *Peniston* v. *Newnan Hospital*, 40 *Ga. App.* 367 (149 S. E. 715), relied upon by counsel for the defendant, such assumption was not warranted. In that case the doctor who was injured maintained an X-ray machine on the second floor of the hospital for the treatment of his own patients, and regularly operated the automatic elevator for the purpose of transporting them to and from the X-ray machine. The elevator was frequently used in the daytime by others. He was injured during the afternoon at a time when he knew the elevator was likely to be in constant use. He had come to the second floor and had brought the elevator down to the first floor just before he was injured. He had left the door unlatched and temporarily turned away from it. In the meantime someone else moved the elevator. As he turned back to step into the elevator himself, he was not looking in that direction, but was engaged in a conversation with others. Thus he stepped into the open shaft and was injured. The court sustained the general demurrer and dismissed the petition, but the facts in that case distinguish themselves from the facts in the instant case, as do all the decisions relied upon by counsel for the defendant.

We think that the petition in the instant case sets forth a cause of action and that the trial court erred in sustaining the demurrer and dismissing the action.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*