## 67603. PRITCHARD v. WILSON et al.

BIRDSONG, Judge.

This appeal arises from the trial court's grant of appellees'/defendants' motion for summary judgment in this slip and fall action. The undisputed facts adduced in support of and in opposition to the motion demonstrate that the slip and fall in question occurred in Peachtree Mall in Columbus at the foot of a bank of three steps that descended to a public telephone area within the common area of the mall. Appellant testified during his deposition that he descended the steps, engaged in a telephone conversation at a telephone approximately one and one-half to two feet from the bottom step, and slipped on a melted or partially melted ice cream cone within several inches of the bottom step immediately upon completing his telephone call. The melted ice cream extended out from the base of the bottom step to approximately six or eight inches beyond the base and extended nearly the entire length of the step. The appellant testified that he did not see the ice cream prior to his fall. The complaint alleges negligent maintenance and inspection of the area in which appellant fell, and negligent use of floor materials and inadequate lighting. *Held*:

1. "[I]n order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327). In cases such as the present in which the plaintiff alleges liability due to the proprietor's failure "to exercise reasonable care in inspecting and keeping the premises in safe condition . . . the plaintiff must show that the foreign substance was on the floor for a length of time sufficient for knowledge of it to be imputed to the defendant." Id. pp. 622-623.

Appellees produced the affidavit of the mall's maintenance supervisor who was responsible for all maintenance, supervision, and safety of the common areas of the mall. The supervisor stated that he "had no knowledge of the presence and existence of said ice cream at any time prior to [appellant's fall]. . . ." He further stated that no report of the substance was received from any mall employee prior to appellant's fall, and that at the time of the fall there was an employee on duty "constantly moving throughout the common areas of said shopping center picking up trash and cleaning up food and other material which was spilled or dropped. . . ." Thus, appellees produced evi-

dence showing a lack of knowledge of the foreign substance as well as a system for discovering such substances.

In response, appellant produced no admissible evidence whatsoever showing that appellees knew or should have known of the substance. While the affidavit and deposition testimony in this case demonstrates the absence of knowledge of the substance on the part of appellees, appellant has failed to produce any admissible evidence to demonstrate that the substance was on the floor for a length of time sufficient for knowledge of it to be imputed to appellees. Thus, the trial court correctly ruled that appellees had pierced the allegations of appellant's complaint and that appellant had failed to produce any responsive evidence creating an issue of fact as to appellees' liability for negligent maintenance and inspection.

2. The record likewise fails to support a cause of action for negligent use of floor materials and inadequate lighting. Appellant unequivocally admitted during his deposition that he could have seen the substance and that lighting would have had no bearing on his ability to discern the substance and avoid the accident. The steps and surrounding flooring were made of brick, which this court has long recognized to be a proper material for stairways. *Maloof v. Blackmon*, 105 Ga. App. 207 (1) (124 SE2d 441). As appellant produced no evidence in rebuttal to support his contention that appellees were negligent in their use of floor materials and lighting, the trial court properly granted summary judgment to appellees on these issues. OCGA § 9-11-56.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED MARCH 15, 1984.

*Samuel W. Worthington, III*, for appellant.
*J. Barrington Vaught*, for appellees.