67745. FILMORE v. FULTON-DeKALB HOSPITAL AUTHORITY.

BENHAM, Judge.

After waiting 30 minutes for an elevator at Grady Memorial Hospital, appellant Filmore elected to use the stairs to reach the hospital's street level floor. He entered the stairwell and, as he started

down the stairs, he slipped and fell down two flights of stairs. Unbeknownst to him, appellant had placed his right foot in a clear liquid substance which caused him to slip and fall. He brings this appeal from the grant of summary judgment to appellee hospital authority. We affirm.

"[I]n order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). Thus, "[t]he true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the premises. [Cit.]" *Winn-Dixie Stores v. Hardy*, 138 Ga. App. 342 (4) (226 SE2d 142) (1976).

The record of the case at bar contains, among other things, appellant's deposition and affidavit, the affidavit of the hospital's security director, and the affidavits of the hospital housekeepers on duty at the time of appellant's fall. These documents show that appellant did not see the hazardous substance before he slipped on it. The question is whether the hospital had knowledge of the presence of the substance in the stairwell.

In his affidavit, the hospital's security director stated that the hospital's hallways and stairwells are patrolled by hospital security personnel who are engaged in looking for "conditions, events or occurrences which could result in dangerous or unsafe circumstances for the Hospital population." The sighting of any unsafe condition causes the security personnel to record the occurrence and immediately relay the information to the housekeeping staff for corrective action. The presence of a liquid substance on a stairway was such a reportable, unsafe condition. The director stated that there was no security incident report which acknowledged the existence of a clear liquid substance or any other hazardous condition on any hospital stairway on the date of appellant's fall. The affidavits of the two hospital supervisory housekeepers on duty when appellant was injured reflect that neither affiant was personally aware of the existence of a liquid substance on any hospital stairway and that security personnel did not inform either housekeeper of the existence of a dangerous condition in any hospital stairwell on the date of the incident. In his affidavit filed in opposition to the hospital authority's motion for summary judgment, appellant reiterates that he slipped on a clear liquid substance in a Grady Hospital stairwell in which he had never been before.

The affidavits of the hospital personnel establish that appellee hospital authority did not have actual knowledge of the existence of the hazardous condition in the stairwell. Consequently, appellant's case depends upon a showing of constructive knowledge on the part of the hospital authority.

"In some cases the proprietor may be held to have constructive knowledge if the plaintiff shows that an employee of the proprietor 'was in the immediate area of the dangerous condition and could have easily seen the substance and removed the hazard.' [Cits.] In other cases the proprietor may be liable if he fails to exercise reasonable care in inspecting and keeping the premises in safe condition. To sustain a cause of action in the latter type case the plaintiff must show that the foreign substance was on the floor for a length of time sufficient for knowledge of it to be imputed to the defendant. [Cit.]" *Alterman Foods v. Ligon*, supra, pp. 622-623.

In his deposition, appellant stated that he was alone in the stairwell when he slipped and that no one saw him fall. This testimony effectively negates the possibility of constructive knowledge based upon the presence of an employee in the immediate area of the dangerous condition. Thus, appellant's sole avenue of possible recovery is one in which constructive knowledge on the part of the hospital authority is premised upon the authority's failure to exercise reasonable care in inspecting and keeping the premises in safe condition. The affidavits executed by the hospital security and housekeeping personnel effectively negate recovery on that theory. *Pritchard v. Wilson*, 170 Ga. App. 313 (316 SE2d 604) (1984); *Food Giant v. Richardson*, 169 Ga. App. 517 (313 SE2d 781) (1984). Each potential theory of recovery having been nullified by appellant's deposition and the affidavits submitted, it was not error to grant summary judgment to the hospital authority.

Contrary to appellant's assertions, the affidavits submitted by the hospital authority were sufficient. See *Pritchard v. Wilson*, supra; *Food Giant v. Richardson*, supra. Furthermore, the hospital authority did not have to disprove the existence of the hazardous condition; it only had to show that it had no actual or constructive knowledge of that condition. Lastly, the establishment by the hospital security director of patrols to look for hazardous conditions within the hospital is not evidence from which constructive knowledge of the clear liquid substance which caused appellant's fall can be inferred. *Pritchard v. Wilson*, supra.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 3, 1984 —
REHEARING DENIED MAY 15, 1984.

*Don C. Keenan, David S. Bills*, for appellant.
*Judson Graves, Bernard Taylor*, for appellee.