68722. BROWNLOW v. SIX FLAGS OVER GEORGIA, INC.
(322 SE2d 548)

CARLEY, Judge.

Appellant-plaintiff was an invitee of the appellee-defendant amusement park. For approximately an hour, appellant stood in line waiting her turn for the "Thunder River" ride. During that period, she observed the ride in operation. Appellant saw that the ride consisted of rafts which were "[f]loating around and turning around and

going on." She saw that "[s]ome" of the water was splashing and that the occupants of the rafts were "[s]ometimes" getting wet. During appellant's ride, she did not get wet but several of the other occupants of her raft did. At the end of her ride, appellant was aware that "water was dripping off of people who were getting off the rafts." Appellant exited the raft onto a wooden ramp. Although there was a handrail along the ramp, appellant did not use it. While walking up the ramp, appellant slipped and fell. According to appellant, the cause of her fall was the damp surface of the exit ramp, a condition attributed to the water which dripped from those who had gotten wet during the ride. Appellant asserted, however, that she had no actual knowledge that the ramp was wet until after she had already fallen. Appellant brought suit, alleging that her slip and fall was the result of appellee's negligent breach of the duty to exercise ordinary care in keeping its premises safe. See OCGA § 51-3-1. Appellee moved for summary judgment. After a hearing, appellee's motion was granted. Appellant appeals.

In order to recover for a slip and fall resulting from a "foreign substance," such as water on a ramp, "not only must the plaintiff show that the defendant had knowledge of the presence of the foreign substance, but the plaintiff must also show that he was without knowledge of its presence. [Cit.] 'The customer must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to him or in the exercise of ordinary care he should have learned of it. He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him.' [Cits.]" *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980).

Construed most favorably for appellant, the evidence demonstrates the following: Appellant was aware that those who chose to ride the "Thunder River" subjected themselves, in varying degrees, to contact with water. She was also aware that a number of those people who were exiting the ride were dripping water. Thus, appellant's act of exiting from the ride is not unlike that of stepping out of the rain into a sheltered area. As was true of the plaintiff in *Gibson v. Consolidated Credit Corp*, 110 Ga. App. 170, 176 (138 SE2d 77) (1964), appellant may not have had actual knowledge of the dampness on the exit ramp, but she did have actual knowledge that she was traversing an area which had previously been traversed by wet individuals. Compare *Fletcher v. Family Center, Inc.*, 169 Ga. App. 376 (312 SE2d 856) (1983). " ' "Everybody knows that, when people are entering any building when it is raining, they will carry some moisture on their feet, which will render the floor near the door on the inside damp to some extent, and everyone knows that a damp floor is likely to be a

little more slippery than a dry floor." [Cit.]' [Cit.] . . . ' "[Appellant] was aware of the [prevailing wet] conditions. Under these circumstances it appears that [appellant herself] was not in the exercise of due care." ' [Cit.] Accordingly, it was not error to grant appellee summary judgment . . ." *Key v. J. C. Penney Co.*, 165 Ga. App. 176, 177 (299 SE2d 895) (1983).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 25, 1984.

*Stanley T. Snellings*, for appellant.
*Ira B. Brownlow, Jr., Jeffrey Y. Lewis*, for appellee.