### 69094. BROWNING v. SEARS, ROEBUCK & COMPANY.
(328 SE2d 580)

BIRDSONG, Presiding Judge.

Slip and Fall. Mrs. Browning was shopping at Sears and went to a ladies' restroom located in a hallway. Adjacent to the entrance to the restroom was a water drinking fountain which was in operating condition with no leaks and beside which was a stool allowing use of the fountain by small children. Mrs. Browning did not notice any water on the floor outside of the restroom when she went into it. After five to ten minutes, as appellant was leaving the restroom, she stepped out the door and, without observing any substance on the floor, slipped and fell on what she found to be water on the floor. She was injured. There is no positive evidence as to how the water came to be on the floor or how long it had been there, nor of any prior fall at that location. There was disputed evidence that children possibly had caused water to be on the floor on other, earlier occasions. There also was evidence that the store took precautions to regularly inspect the premises for hazardous conditions as indicated by the testimony of the assistant manager of the store that he had just returned from

his patrols and was leaving his office when he heard a noise which brought him to the scene of the fall. Based upon this state of facts and issues, the trial court granted Sears' motion for summary judgment. It is this grant of summary judgment which is the basis for Mrs. Browning's appeal. *Held*:

Contrary to Mrs. Browning's contention, we find on these facts that no jury question was presented on the matter of constructive knowledge of Sears of a foreign substance on the floor. This is not a typical stranger on the premises "slip and fall" case. In the instant action, Mrs. Browning stated that she had been shopping at this same store since 1965. She went into the restroom and stayed "[f]ive or 10 minutes, I guess." When she went into the restroom, she observed no water on the floor. When she came out of the restroom, another lady was coming in, and she "was trying to hold the door . . . you push it back a little more or open it further . . . I know I stepped aside . . . ." When she stepped aside, she slipped and fell. There was water where she fell, which was adjacent to a water fountain. The Sears' sales manager had just returned to his office after completing "my patrols."

In cases involving a foreign substance on the owner's floor, a customer usually does not know if the substance was placed on the floor through negligence attributable to the owner or through the negligence of someone other than the owner. In the present case, it is obvious that the water was placed upon the floor by someone other than the owner. "[B]efore an owner can be held liable for the slippery conditions of his floors, produced by the presence of a foreign substance thereon, it is necessary that the proof should show that he was aware of the substance or would have known of its presence had he exercised reasonable care." *Alterman Foods v. Ligon*, 246 Ga. 620, 622 (272 SE2d 327). "Thus it is said that only 'when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. [Cit.] Normally a proprietor [or owner] is permitted a reasonable time to exercise care in inspecting the premises and maintaining them in a safe condition. [Cits.] However, the proprietor is under no duty to continuously patrol the premises in absence of facts showing that the premises are unusually dangerous. [Cits.]" Id. See also *Belk-Hudson Co. v. Davis*, 132 Ga. App. 237, 239 (c) (207 SE2d 528).

There is no evidence in the record to show that these premises are unusually dangerous. The sales manager testified that he had just returned from making his patrol and plaintiff showed that she was aware of no water on the floor when she went into the restroom and she stayed in the restroom between five and ten minutes. Accordingly, at issue is whether constructive knowledge may be charged to the owner or proprietor of premises where water is placed upon the floor

by an unknown person within minutes after a patron goes into a restroom and stays from five to ten minutes. Under this scenario, even if the water contributed to causation of the plaintiff's fall, in conjunction with her reaching to hold the restroom door open and stepping to one side to avoid an incoming person, the water could have been on the floor as little as one minute but no longer than ten minutes.

Because the sales manager had just completed his patrol, it would require a constant patrol of more than one person to continuously patrol all areas of the premises to insure no foreign substance had been placed on the floors. A merchant is not an insurer of the safety of his customers, but what the law requires is such diligence toward making the premises safe as the ordinarily prudent businessman in such matters is accustomed to use. *Alterman Foods*, supra; *Winn-Dixie Stores v. Hardy*, 138 Ga. App. 342, 344 (226 SE2d 142); *Hammonds v. Jackson*, 132 Ga. App. 528, 532-533 (208 SE2d 366); *Emory Univ. v. Williams*, 127 Ga. App. 881, 885-886 (195 SE2d 464). Surely such a test was met and passed in this case.

Summary judgment is appropriate where there is a lack of evidence to show defendant was at fault in failing reasonably to discover the presence of a foreign substance upon the floor of the premises. See *Fort v. Boone*, 166 Ga. App. 290, 292 (304 SE2d 465). There is a total absence of evidence to show defendant knew or should have known of the presence of the foreign substance because of the lack of sufficient time to discover the presence of the water upon the floor. *Pritchard v. Wilson*, 170 Ga. App. 313, 314 (316 SE2d 604). Accordingly, we find no error in the grant of summary judgment to Sears. *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442).

*Judgment affirmed. Deen, P. J., McMurray, P. J., Sognier and Pope, JJ., concur. Carley, Benham and Beasley, JJ., dissent. Banke, C. J., dissents in the judgment only.*

DECIDED MARCH 15, 1985.

*Joseph Szczecko*, for appellant.
*Ronald L. Reid, William H. Hughes, Jr.*, for appellee.

BEASLEY, Judge, dissenting.

I fail to see that the record supports the grant of summary judgment to defendant.

The assistant manager of the store, whose office was nearby, (its location in relation to the restroom is not shown by the record, that is, whether it was beyond the restroom or in another direction) heard the commotion and went to assist. Two persons as well as plaintiff testified that the assistant manager said at that time that they had

had previous problems with children playing in the water fountain and getting the floor wet. The assistant manager later testified that he was unaware of any incident of children playing in the fountain. He also testified that he had just returned from his patrols and was then leaving his office when he heard a noise which brought him to the scene of the fall. He did not specify what his patrol was for or what it encompassed or where he went in performing it or whether he passed the area when he had completed his patrol (the latter in relation to the time of plaintiff's going into the restroom). There was no evidence whether he did or did not pass the restroom area and whether, if he passed it, he saw or did not see the water. The evidence at this stage does not preclude actual or constructive knowledge by the proprietor. Secondly, there was no evidence of what precautions the proprietor took, if any, to keep these premises safe and to check for hazardous conditions, unless we assume the assistant manager's patrol was for this purpose or included this purpose.

"An owner or occupier of land is liable for damages to invitees caused by his failure to exercise ordinary care in keeping the premises and approaches safe. [Cit.] In order to make out a prima facie case of negligence in a slip and fall case, the invitee must show (1) that the owner had actual or constructive knowledge of the foreign substance or defective condition and (2) that the invitee had no knowledge of the substance or condition or was prevented by the owner from discovering it. [Cit.] . . . Constructive knowledge may be inferred where there is evidence that an employee of the owner was in the immediate vicinity of the dangerous condition and could have easily noticed and removed the hazard. [Cit.] Liability based on constructive knowledge may also be established by showing that the owner failed to exercise reasonable care in inspecting the premises, but recovery under that approach requires proof of the length of time the dangerous condition was allowed to exist. [Cits.]" *Hughes v. Hosp. Auth.*, 165 Ga. App. 530, 531 (301 SE2d 695) (1983).

"On motion for summary judgment by a defendant on the ground that plaintiff has no valid claim, the defendant, as the moving party, has the burden of producing evidence, of the necessary certitude, which negatives the opposing party's (plaintiff's) claim. This is true because the burden to show that there is no genuine issue of material fact rests on the party moving for summary judgment, whether he or his opponent would at trial have the burden of proof on the issue concerned; and rests on him whether he is by it required to show the existence or non-existence of facts. 6 Moore's Federal Practice, § 56.15 [3], p. 2342." *Burnette Ford, Inc. v. Hayes*, 227 Ga. 551, 552 (181 SE2d 866) (1971).

"On a motion for summary judgment the evidence must be construed most strongly against the movant, and the party opposing the

motion is entitled to all inferences that may fairly and reasonably be drawn in support of his case. [Cit.]" *Vizzini v. Blonder,* 165 Ga. App. 840 (303 SE2d 38) (1983).

As there are genuine issues of disputed fact as to whether appellee had knowledge of the hazardous condition, and whether it employed procedures to remove a recurring dangerous condition, I would conclude that the trial court erred in granting summary judgment to appellee.

I am authorized to state that Judge Carley and Judge Benham join in this dissent.