69872. BURKHEAD v. AMERICAN LEGION, POST NUMBER 51, INC.
(332 SE2d 311)

CARLEY, Judge.

Appellant, who is a member of appellee organization, went to appellee's premises for the purpose of placing a request with appellee's Commander that charitable aid be provided to a certain individual. Upon exiting the building onto an outdoor staircase landing, appellant slipped on a pecan hull, fell and was injured. Appellant instituted the instant civil action, alleging that the injuries he had sustained were the result of appellee's negligence. Following discovery, appellee moved for summary judgment. Appellee's motion was granted and appellant appeals.

Appellant contends that genuine issues of material fact remain regarding appellee's negligence in failing to keep the landing free of pecan hulls.

The liability of appellee initially depends upon whether appellant, at the time of his injury, was a licensee or an invitee. *Mandeville Mills v. Dale*, 2 Ga. App. 607 (1) (58 SE 1060) (1907). The owner or occupier of land is liable to a licensee only for wilful or wanton injury. OCGA § 51-3-2 (b). As to an invitee, the owner or occupier of land owes the duty to exercise ordinary care. OCGA § 51-3-1. " 'The general test as to whether a person is an invitee or a licensee is whether the injured person at the time of the injury had present business relations with the owner of the premises which would render his presence of mutual aid to both, or whether his presence on the premises was for his own convenience, or on business with others than the owner of the premises . . . . [Cits.]' " *Higginbotham v. Winborn*, 135 Ga. App. 753, 755 (218 SE2d 917) (1975). Monetary consideration is not essential to invitee status. "It is sufficient to show that each party is moved

by a lawful purpose or interest in the object and subject matter of the invitation." *Candler Gen. Hosp. v. Purvis*, 123 Ga. App. 334, 336 (181 SE2d 77) (1971).

The construction of the evidence most favorably for appellant reveals the following: Appellant was a member of appellee organization. He went to the premises, albeit prior to regular member hours, for the purpose of obtaining charitable aid for a third person. Appellee is a nonprofit organization, and one of its purposes is charitable work. Any member can make a request of the Commander that appellee provide help to individuals in need. In the past, appellant had been active in various charitable functions sponsored by appellee. Accordingly, construing the evidence most strongly against appellee, appellant's presence on appellee's premises was for mutual benefit to the parties. Therefore, appellant was an invitee at the time of his injury. See generally *Frankel v. Antman*, 157 Ga. App. 26 (276 SE2d 87) (1981); *American Legion, Dept. of Ga. v. Simonton*, 94 Ga. App. 184, 186 (94 SE2d 66) (1956); *Lowe v. Atlanta Masonic Temple Co.*, 79 Ga. App. 575 (1) (54 SE2d 677) (1949).

"While the owner or occupier of land is liable to invitees for [its] failure to exercise ordinary care in keeping the premises safe, [OCGA § 51-3-1], '[b]efore an owner can be held liable for the slippery conditions of his [premises], produced by the presence of a foreign substance thereon, it is necessary that the proof should show that he was aware of the substance or would have known of its presence had he exercised reasonable care.' [Cits.] Thus, it is said that only 'when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted.' [Cit.]." *Alterman Foods v. Ligon*, 246 Ga. 620, 622 (272 SE2d 327) (1980). See also *Pound v. Augusta Nat.*, 158 Ga. App. 166, 168 (279 SE2d 342) (1981). "Therefore, the legal issue in the instant case is whether the evidence, when construed most favorably for appellant, demonstrates as a matter of law that appellee did not have knowledge superior to that of appellant of the [existence of the pecan hulls] which resulted in the slip and fall." *Telligman v. Monumental Properties*, 161 Ga. App. 13, 14-15 (288 SE2d 846) (1982).

In the instant case, appellant contends that appellee had actual knowledge of the presence of pecan hulls on the outdoor staircase landing. In support of his assertion, appellant relies upon his deposition wherein he states that, immediately following his fall, appellee's club manager, who was present at the time, exclaimed, "(t)hose damn pecan shells again!" Appellant also stated in his deposition that he discovered after his fall it was the duty of appellee's janitor to sweep the pecan hulls off the landing every day. Furthermore, although appellant had used this particular entrance in the past, the evidence was undisputed that he had never before noticed pecan hulls on the land-

ing or surrounding area, nor had he known that a pecan tree stood near the entrance. Moreover, on the date of the fall, even though appellant was paying attention to where he was walking, he did not see the pecan hulls on the landing until he had already slipped on one. Based upon these facts, the evidence presented a jury question on the issue of appellant's knowledge of the dangerous condition of the landing. See *Geiger v. Brooks Super Market,* 119 Ga. App. 57 (166 SE2d 580) (1969).

Appellee asserts that appellant's failure to notice the pecan hulls on the landing constituted a bar to his recovery as it conclusively established that he was not exercising ordinary care. "Questions of negligence, including the related issues of assumption of risk, [and] lack of ordinary care for one's own safety, . . . are not ordinarily susceptible of summary adjudication whether for or against the plaintiff or the defendant, but must be resolved by a jury. [Cits.]" *Brooks v. Douglas,* 154 Ga. App. 54, 58 (267 SE2d 495) (1980). See also *Boatright v. Rich's,* 121 Ga. App. 121, 122 (2, 3) (173 SE2d 232) (1970). We find that the evidence presented a jury issue on the issue of appellant's exercise of ordinary care. Compare *Brownlow v. Six Flags Over Ga.,* 172 Ga. App. 242 (322 SE2d 548) (1984), wherein the plaintiff was aware of the prevailing wet conditions.

We find neither compelling nor logical appellee's assertion that it follows from the fact that appellant did not "notice" the pecan hulls upon his entering the premises, which was only a few minutes before his exit, that the hulls therefore had not been on the landing a sufficient length of time to charge appellee with knowledge of their presence. Appellant clearly stated in his deposition that he had *no* knowledge of whether the hulls were present upon his entry into the building. Moreover, as previously stated, the evidence is undisputed that it was the janitor's duty to sweep the hulls off the landing every morning. This constituted some evidence of appellee's knowledge of the existence of the hulls on the landing. See *Geiger v. Brooks Super Market,* supra. Compare *Browning v. Sears, Roebuck & Co.,* 173 Ga. App. 898 (328 SE2d 580) (1985), wherein there was no evidence that the foreign substance was encountered by the occupier of the premises on a daily basis. As to appellee's contention that, because it had swept the landing every morning, it could not be found negligent, it is well established that questions of whether or not an owner or occupier of land breached his duty of care to invitees are normally for a jury. *Pound v. Augusta Nat.,* supra at 167.

Appellee finally contends that the club manager's statement concerning the hulls would be inadmissible at trial because the declarant is now deceased. See generally *Irby v. Brooks,* 246 Ga. 794, 795 (1) (273 SE2d 183) (1980). However, there is no evidence of record that the club manager is now deceased. This court cannot consider state-

ments made in briefs which are not supported by the record. See generally *Cramer, Inc. v. Southeastern Office &c. Co.*, 171 Ga. App. 514, 515 (2) (320 SE2d 233) (1984).

We find that genuine issues of material fact remain regarding appellee's alleged negligence in failing to keep the landing free of pecan hulls, and that, therefore, the trial court improperly granted summary judgment in favor of appellee.

*Judgment reversed. Banke, C. J., McMurray, P. J., Pope, Benham and Beasley, JJ., concur. Deen, P. J., Birdsong, P. J., and Sognier, J., dissent.*

BIRDSONG, Presiding Judge, dissenting.

The deposition of the plaintiff shows that he traversed the same stairs and landing when entering the premises. He stated he was looking for no pecans and saw no pecan hulls or pecans on the landing though it is uncontested that if pecans were present on the steps or landing they were clearly visible to even the casual observer. This statement discloses conclusively either that Mr. Burkhead was not looking for pecans, i.e., was not exercising due care or that he was exercising due care and saw no pecans. If he was using due care and observed no pecans, the fact that he was in the building only two or three minutes eliminates the reasonable possibility that the Legion Club had opportunity to become aware of the hazard. Thus, the plaintiff by his own testimony has negated the superior knowledge required of the appellee or conceded his own lack of due care. See *Pound v. Augusta Nat.*, 158 Ga. App. 166 (279 SE2d 342). I would affirm.

I respectfully dissent. I am authorized to state that Presiding Judge Deen and Judge Sognier join in this dissent.

DECIDED MAY 8, 1985 —
REHEARING DENIED JUNE 6, 1985 —

*Clifford J. Steele*, for appellant.
*J. Kenneth Moorman, Marjorie M. Rogers*, for appellee.