## 71147. BOWMAN v. RICHARDSON et al.
(338 SE2d 297)

BIRDSONG, Presiding Judge.

The trial court granted summary judgment to the defendants in this slip and fall case, and plaintiff Bowman appeals. *Held*:

We affirm the trial court's grant of summary judgment to appellees Spurgeon Richardson and Six Flags Over Georgia, Inc. The evidence shows Bowman slipped while walking on a path at the appellee park. As soon as she entered the park she noticed sprinklers throwing water out onto the sidewalks and streets of the park. She fell about 9:15 p.m., when the park was well lit by lights. As she was walking down the path where she fell, she could see water running down the sides of the path. Ahead of her, a groundskeeper was picking up trash. She thought that he would step aside when he got to her, but when he did not, she stepped aside (the path was wide enough for a number of people to pass), and at that moment, slipped. She was unconscious for two or three minutes, but when she awoke, she realized she was wet. She testified she slipped on the slick manhole cover which was wet like the sidewalks. She noticed after or as she fell that the manhole cover was slick but otherwise it was like any other manhole cover she had ever seen. It was not covered up and there was nothing obstructing it. She hypothesizes it was the water on the manhole cover that caused her to fall.

The evidence shows appellant did not see the manhole cover until after she fell, but on appellees' motion for summary judgment, we will assume as fact that appellant slipped on the slick, wet manhole cover, as she testified. However, the evidence also shows beyond any genuine issue of material fact that appellant had equal knowledge of the water running over and around the path where she walked, and near the manhole cover, and that the manhole cover was not obstructed or hidden from view in any way. She may not have had actual knowledge of the slick manhole, but no reason or fact is shown as to why, in the exercise of ordinary care, she should not have seen it. By her assumption that she slipped on the wet manhole cover, Bowman concedes she was aware that a wet metal cover was slippery and presented a danger.

A proprietor has the duty to keep premises safe for invitees (OCGA § 51-3-1) but the plaintiff cannot recover if she has failed to exercise ordinary care for her own safety. OCGA § 51-11-7. "In order to recover for a slip and fall resulting from a 'foreign substance,' such as water on a ramp, 'not only must the plaintiff show that the defendant had knowledge of the presence of the foreign substance, but the plaintiff must also show that he was without knowledge of its presence. (Cit.) "The customer must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the

merchant's negligence after it becomes apparent to him or in the exercise of ordinary care he should have learned of it. He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him." (Cits.)' *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980)." *Brownlow v. Six Flags Over Ga.*, 172 Ga. App. 242, 243 (322 SE2d 548). Like the plaintiff in *Brownlow*, the appellant here may not have had actual knowledge of the wet condition of the manhole cover, but she did have actual knowledge that she was traversing an area where water had run or was likely to run. The plaintiff's duty to take care in an area which she knows, or should expect, is wet, is too well established in these cases to bear repeating. *Brownlow*, supra; *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170, 176 (138 SE2d 77). The appellant here, who saw and knew that sprinklers were throwing water upon and around the pathway where she walked, shows no reason why she should not have seen and avoided the slick manhole cover. Under these circumstances, it appears she was not in the exercise of due care for her own safety and she cannot recover. OCGA § 51-11-7; *Brownlow*, supra, pp. 244-245. We therefore have no need to determine whether the appellees breached their duty of care in the first place. *Allen v. Big Star Food Market*, 172 Ga. App. 879, 880 (324 SE2d 820).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED NOVEMBER 18, 1985.

*John S. Husser*, for appellant.
*R. Wayne Thorpe, Ronald L. Reid*, for appellees.