76724. BEST v. DUBLIN EYE ASSOCIATES, P. C. et al.
(372 SE2d 495)

BANKE, Presiding Judge.

The appellant sued the appellees to recover for personal injuries which she allegedly sustained when she slipped and fell on a rubber mat while exiting medical offices owned and occupied by the appellees. She appeals the grant of the appellees' motion for summary judgment.

The appellant fell while traversing an outside walkway which sloped downward from the medical building to the parking lot. The walkway was at least partially covered by a plastic or rubber mat containing small protruding tips or "spikes," which allegedly were partially worn down. It was a rainy day, so both the mat and the walkway were wet. The appellant had ascended the walkway without incident upon entering the building but testified that when she stepped on the mat on her way back to the parking lot, her feet went out from under her, causing her to fall on her back and buttocks. The trial court granted summary judgment to the appellees based in part upon the appellant's inability to specify whether her feet had slipped on the mat or whether the mat had slipped on the walk, and based in part upon its conclusion that her knowledge of the danger presented by the mat and the walkway was at least equal to that of the appel-

lees. *Held*:

The burden of proof on motion for summary judgment is always on the movant, even with respect to issues on which the opposing party would have the burden of proof during the trial of the case. See *Ham v. Ham*, 230 Ga. 43, 45 (195 SE2d 429) (1973); *Henderson v. Atlanta Transit Sys.*, 133 Ga. App. 354, 356 (210 SE2d 845) (1974). In ruling on the motion, all evidentiary conflicts and doubts are to be resolved against the movant, and any vagueness or uncertainty in the opposing party's testimony will be construed in his or her favor *unless* that testimony is contradictory *and* he or she is unable to provide a reasonable explanation for the contradiction. See *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986). See also *Burnette Ford v. Hayes*, 227 Ga. 551 (181 SE2d 866) (1971).

Although the appellant in the present case was unable to specify whether her feet had slipped on the mat or whether the mat had slipped on the walkway, her testimony was not contradictory in this regard. She consistently maintained that she had fallen because her feet, for whatever reason, suddenly went out from under her when she stepped on the mat on her way back down to the parking lot; and regardless of whether she slipped on the mat or slipped on the walkway, her account of the accident is fully consistent with her allegation that she fell because the mat was defective. Also, since the appellees were responsible for the placement and maintenance of the mat, the evidence of record supports (or at least does not negate) a finding that they had superior actual or constructive knowledge of the existence of the alleged defect and the danger presented thereby.

Such cases as *Bowman v. Richardson*, 176 Ga. App. 864 (338 SE2d 297) (1985); *Colbert v. Piggly Wiggly Southern*, 175 Ga. App. 44 (332 SE2d 304) (1985), and *Brownlow v. Six Flags Over Ga.*, 172 Ga. App. 242 (322 SE2d 548) (1984), are distinguishable from the case before us and do not support the grant of the appellees' motion for summary judgment. The plaintiffs in those cases, unlike the appellant here, had no reason to believe that the surfaces on which they slipped would not be slippery when wet. The appellant in the present case, on the other hand, had every reason to assume that the mat would at least be less slippery than the pavement itself since that, presumably, is why it had been placed there. Stated differently, the alleged danger in the present case may be considered latent, whereas the danger in the cited cases was patent.

The appellees' reliance on *McGauley v. Piggly-Wiggly Southern*, 170 Ga. App. 851 (319 SE2d 15) (1984), is similarly misplaced. There, the plaintiff slipped on or near a mat located just inside the door to the defendant's store; however, she was unable to specify which surface she had slipped on, and she was also unable to state whether the surface in question was wet or dry. Accord *Alterman Foods v. Ligon*,

246 Ga. 620 (272 SE2d 327) (1980) (where the plaintiff was completely unable to specify what had caused her to fall). Although the appellant in the case before us answered, "I don't know," when asked whether the mat alone would have caused her to fall had it not been wet, she never waivered from her testimony that it was the mat which had precipitated her fall. Consequently, we hold that the evidence of record does not establish the appellees' entitlement to judgment as a matter of law.

*Judgment reversed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 6, 1988.

M. O. *Strickland*, for appellant.
Wilson R. *Smith*, for appellees.