A96A0481. CHADWICK v. FOODMAX OF GEORGIA, INC. et al.
(471 SE2d 40)

SMITH, Judge.

Janet Chadwick brought this action against Foodmax of Georgia, Inc., and D. & T. Services, Inc., a cleaning contractor, alleging that she suffered personal injuries in a fall in Foodmax's grocery store. Appellees filed a joint motion for summary judgment, which was

granted by the trial court. This appeal followed.

Chadwick was shopping in Foodmax's grocery at 1:00 in the morning. As she walked around the store, she encountered an employee of D. & T. operating a large floor cleaning machine that "rides like a lawnmower." She observed soapsuds on the brushes underneath the machine, and realized that the machine was cleaning a border or perimeter area of the store floor that was covered with wood-grain flooring. Upon seeing the cleaning machine, she turned to walk in the opposite direction; she testified she did this with the intention of avoiding it. After walking a short distance, she stepped onto the wood-grain flooring behind the machine, slipped, and fell. After she fell, she saw that she had slipped on the soapsuds left by the machine's passage. She acknowledged that nothing obstructed her view of the floor, that she was looking at the shelves, not at the floor, and that had she looked down she would have seen the soapsuds on the floor. She realized the floor machine operator had just cleaned that area, but "figured it could have been dry, you know. I didn't know it would have still been wet, you know." She also testified she had intended to avoid the wood part of the floor: "I didn't get on the wood I didn't think, but I did, you know. I wasn't meaning to."

In order to recover for a slip and fall resulting from a "foreign substance," such as soapsuds, "not only must the plaintiff show that the defendant had knowledge of the presence of the foreign substance, but the plaintiff must also show that he was without knowledge of its presence. [Cit.] 'The customer must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to him or in the exercise of ordinary care he should have learned of it. He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him.' [Cits.]" *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980).

We need not reach the question of whether the knowledge of Foodmax's independent contractor can be imputed to Foodmax without evidence of ratification of the contractor's acts, see *Wilmock, Inc. v. French*, 185 Ga. App. 259, 261 (1) (363 SE2d 789) (1987), because the undisputed evidence shows that Chadwick failed to exercise ordinary care for her own safety.

First, Chadwick acknowledged that she saw soapsuds emanating from the floor cleaning machine, and she departed from her original path with the intention of avoiding it. While she contends she did not have knowledge of the soapsuds at the exact point of her fall, she nevertheless "was aware of the prevailing wet [and soapy] conditions. Under these circumstances it appears that appellant herself was not in the exercise of due care. Accordingly, it was not error to grant

appellee[s] summary judgment." (Citations and punctuation omitted.) *Brownlow v. Six Flags Over Ga.*, 172 Ga. App. 242, 244 (322 SE2d 548) (1984). In *Brownlow*, the plaintiff contended she had no actual knowledge that an amusement park ramp was wet until after she fell. This Court affirmed the grant of summary judgment, however, because Brownlow was aware of the generally prevailing wet conditions in the area of a water ride, and it is common knowledge that a damp floor is likely to be more slippery than a dry floor. Brownlow, therefore, was not in the exercise of due care for her own safety. See also *Bowman v. Richardson*, 176 Ga. App. 864, 865 (338 SE2d 297) (1985). In *Bowman*, while the plaintiff may not have had actual knowledge of the wet condition of the manhole cover on which she slipped, she knew she was crossing an area where water had run or was likely to run because sprinklers were running in the area. "The plaintiff's duty to take care in an area which she knows, or should expect, is wet, is too well established in these cases to bear repeating. [Cits.] The appellant here, who saw and knew that [a floor machine was] throwing [soapsuds] upon and around the pathway where she walked, shows no reason why she should not have seen and avoided the slick [wood floor]. Under these circumstances, it appears she was not in the exercise of due care for her own safety and she cannot recover. [Cits.] We therefore have no need to determine whether the appellees breached their duty of care in the first place. [Cit.]" Id.

Second, Chadwick admitted that she failed to look at the floor as she walked behind the machine, despite her knowledge that it was generating suds, and she also admitted that she could have seen the suds at the point of her fall if she had looked. Chadwick's "admission that the [suds] were visible is fatal. [Cit.] In *Smith* [*v. Wal-Mart Stores*, 199 Ga. App. 808, 810 (406 SE2d 234) (1991)], we held that summary judgment is appropriate if the plaintiff could have seen the hazardous condition had she looked. [Cit.] [Chadwick's] admission that [s]he was scanning the shelves immediately prior to the fall demonstrates that [s]he was not looking at the floor ahead." (Punctuation omitted.) *Vermont American Corp. v. Day*, 217 Ga. App. 65, 67 (456 SE2d 618) (1995). See also *Foodmax v. Terry*, 210 Ga. App. 511, 513 (436 SE2d 725) (1993). "This is a plain, palpable, and indisputable case not calling for resolution by a jury." (Citations and punctuation omitted.) *Smith v. Wal-Mart Stores*, supra at 810.

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED MAY 2, 1996.

*Robert D. Pope*, for appellant.
*Long, Weinberg, Ansley & Wheeler, Stephen H. Sparwath, Frank*

*F. Middleton IV*, for appellees.