### 42878. HOSPITAL AUTHORITY OF THE CITY OF BREMEN v. MORELLI.

HALL, Judge. The plaintiff's petition against the defendant hospital alleged that the defendant was negligent in failing to exercise ordinary care in the construction of a sidewalk and steps on its premises, in failing to provide illumination of the sidewalk and steps, and in creating an unsafe condition on the premises and allowing it to exist after the defendant had notice thereof. The petition describes the premises surrounding the steps that were between the level of the parking lot and sidewalk leading to the front door of the hospital, and alleges that the plaintiff had parked her car near the steps for the purpose of visiting the defendant's premises and was injured because of the defendant's negligence when she fell on the steps at about 8:30 p.m.

The allegation that the plaintiff was at the hospital at about 8:30 p.m. for the purpose of visiting the premises does not show that she was an invitee or business visitor, and the petition alleges no other facts showing that the plaintiff was an invitee, or that the defendant owed any duty to the plaintiff

greater than that owed to a licensee. *Curl v. Cherry,* 105 Ga. App. 239 (124 SE2d 290). Those in control of premises are liable to a licensee only for wilful and wanton injury. *Code* § 105-402; *Cook v. Southern R. Co.,* 53 Ga. App. 723, 725 (187 SE 274); *Kahn v. Graper,* 114 Ga. App. 572 (152 SE2d 10).

In other jurisdictions there have been a number of decisions that a person coming to a hospital during regular business hours to visit a patient is an invitee or business visitor to whom the hospital owes the duty of exercising ordinary care for his safety as long as he or she remains in those parts of the premises open to visitors. Ann. 71 ALR2d 427; 71 ALR2d 436. This petition does not present such a case.

The ground of this petition was that the defendant failed to exercise ordinary care and was negligent towards the plaintiff, The plaintiff as a licensee cannot recover by showing that the defendant was merely negligent, but must show that the defendant wilfully and wantonly injured her. *Chambers v. Peacock Constr. Co.,* 115 Ga. App. 670.

The trial court erred in overruling the defendant's general demurrer. It is not necessary therefore that this court pass upon the enumerations of error based on the trial court's overruling of special demurrers to the plaintiff's specifications of negligence or the overruling of the defendant's motion for summary judgment.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED JUNE 6, 1967—DECIDED JUNE 19, 1967.

*Lokey & Bowden, Hamilton Lokey, Glenn Frick,* for appellant.

*Leonard McKibben, Howe & Murphy, Harold L. Murphy,* for appellee.