45825.  CANDLER GENERAL HOSPITAL, INC. v. PURVIS et al.

Evans, Judge. William D. Purvis and his wife, Elizabeth H. Purvis, sued Candler General Hospital, Inc., for personal injuries to

his wife and damages arising out of her personal injuries, seeking a judgment for $75,000. The damages and injuries allegedly resulted from certain acts of negligence of the defendant when the plaintiffs as invitees in said hospital started to leave, were forced to use an inside stairway, and Mrs. Purvis slipped and fell on the stairs when one of her shoes caught at the heel on a loose and worn metal strip, pulling off her shoe and causing her to fall down the stairs. The alleged acts of negligence are: (1) failure of the defendant to keep the stairs provided for patients and their visitors in proper repair; (2) failing to have the stairway properly lighted; (3) having loose metal strips on the stairs, knowing that many people would be using them.

The defendant answered, denying the material allegations of the complaint. Both parties filed interrogatories and both answered them. Thereafter the deposition of Mrs. Purvis was taken for discovery. The defendant moved for a summary judgment based upon the pleadings, the deposition of the plaintiff, Mrs. Purvis, and an affidavit of a member of the hospital staff who swore that she examined the stairs immediately after the fall of Mrs. Purvis and found no metal strips loose or any other foreign object which could have caused her to fall, and, in particular, the step which Mrs. Purvis pointed out to her as being the one which caused her to fall. The affidavit of one of defendant's attorneys is also attached with reference to the proceedings in a certain case rendered by the Court of Appeals which he attached as an exhibit thereto. The plaintiff responded to the motion by attaching the affidavit of Mr. Purvis for consideration, and also defendant's answer to plaintiff's interrogatories. After a hearing the motion was denied, and the court certified the decision for immediate review. The appeal is from this judgment denying the motion for summary judgment. *Held:*

1. On a motion for summary judgment by the defendant, the complaint is to be construed liberally in favor of the complainant. The burden is upon the movant to show no genuine issue as to any material fact, and the opposing party is given the benefit of all favorable inferences that may be drawn from the evidence. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442); *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App.

178, 179 (129 SE2d 408); *Sanders v. Alpha Gamma Alumni Chapter,* 106 Ga. App. 137 (126 SE2d 545); *International Brotherhood v. Newman,* 116 Ga. App. 590, 592 (158 SE2d 298).

2. The mutuality of interest required to make one an invitee upon the premises of another does not mean that there must be a commercial business transaction between the parties. It is sufficient to show that each party is moved by a lawful purpose or interest in the object and subject matter of the invitation. The visitor is an invitee if the enterprise is mutual, each lawfully interested therein or there being a common interest or mutual advantage involved. A monetary consideration is not essential. *Flint River Cotton Mills v. Colley,* 71 Ga. App. 288, 291 (30 SE2d 426); *Norman v. Norman,* 99 Ga. App. 755, 760 (109 SE2d 900); *Findley v. Lipsitz,* 106 Ga. App. 24, 26 (126 SE2d 299); *Herring v. R. L. Mathis Dairy Co.,* 118 Ga. App. 132 (162 SE2d 863). When a hospital provides a viewing window for the display of new-born babies, encourages relatives and friends to visit the sick and disabled, there is created an issue as to whether or not these grandparents were invitees in the hospital for the purpose of visiting their daughter-in-law, and to see their new-born grandchild. The case of *Hospital Authority of the City of Bremen v. Morrelli,* 116 Ga. App. 26 (156 SE2d 667), cited by movant, was decided on a general demurrer and is not binding as to the case sub judice. On general demurrer the petition was construed most strongly against the plaintiff; on motion for summary judgment it is construed most favorably to the party opposing such motion.

3. An issue of fact is created by the affidavit of a member of the hospital staff, offered on defendant's behalf, and the affidavit of William D. Purvis, offered on behalf of plaintiff. The hospital staff member swore she examined the alleged worn step and metal strip shortly after the fall and found them in perfect order, whereas Purvis swore that he saw the step immediately after the fall (which step defendant admits was attached in 1960, eight years before the fall); and that said step and metal strip were worn so badly that there was space under the metal strip, and a piece of his wife's shoe was caught under this strip, and the stairwell was not well illuminated. The court did not

err in denying the motion for summary judgment.

Judgment affirmed. *Jordan, P. J., and Quillian, J., concur.*
ARGUED JANUARY 7, 1971—DECIDED FEBRUARY 17, 1971.

*Bouhan, Williams & Levy, Frank W. Seiler,* for appellant.
*Downing, McAleer & Gaskin, James Edward McAleer,* for appellees.