60678. FRANKEL v. ANTMAN et al.

Carley, Judge.
On or about November 5, 1976, Mrs. Frankel, the appellant herein, was injured while attending a meeting of Hadassah, a charitable women's organization, in the private home of the appellees, the Antmans. Approximately forty members of Hadassah were present at the meeting which was being held to plan the organization's annually sponsored fundraiser. Mrs. Frankel had been invited to the meeting by the local president of the organization.

During the meeting Mrs. Frankel was called from one part of the house to another and, while traversing a set of three steps between a foyer and a landing, she fell, sustaining a trimalleolar fracture to her ankle. The instant action was instituted by Mrs. Frankel to recover damages for personal injuries sustained due to allegedly negligent maintenance by the Antmans of their stairway in a "hazardous condition." The Antmans answered, denying any liability to Mrs. Frankel.

At the close of Mrs. Frankel's evidence, the Antmans moved for and were granted a directed verdict. The trial court held, as a matter of law, that Mrs. Frankel was a licensee and, finding no evidence of wilful and wanton conduct on the part of the Antmans, determined that they were entitled to a directed verdict. From the grant of the motion for directed verdict, Mrs. Frankel appeals.

The primary issue for resolution in the instant case is the legal status of a volunteer member of a charitable organization attending a meeting of the organization in a private home. Mrs. Frankel contends that she was an invitee of the Antmans. The Antmans argue that Mrs. Frankel was their social guest and therefore a mere licensee.

"The elements of legal liability of the owner or proprietor of premises for injuries occasioned to persons thereon, vary according to whether the person injured was, at the time of the injury, a trespasser, a licensee, a visitor under invitation, express or implied, or a person standing in some special relation recognized by law." *Mandeville Mills v. Dale,* 2 Ga. App. 607 (1) (58 SE 1060) (1907). The owner or proprietor of premises is liable to a licensee only for wilful or wanton injury. Code Ann. § 105-402. As to an invitee, the owner or proprietor owes the duty to exercise ordinary care. Code Ann. § 105-401.

"[W]hether a person is an invitee or a licensee depends upon the nature of his relation or contact with the owner . . . of the premises." *Chatham v. Larkins,* 134 Ga. App. 856, 857 (216 SE2d 677) (1975). If the relationship solely benefits the injured person, he is at most a licensee. *Chatham v. Larkins,* supra; Code Ann. § 105-402. If the relationship is one of mutual interest to the parties, the injured party is an invitee of the owner. *Flint River Cotton Mills v. Colley,* 71 Ga. App. 288, 291 (30 SE2d 426) (1944); Code Ann. § 105-401. "[T]he enterprise must be mutual to the extent that each party is lawfully interested therein; or that there is common interest or mutual advantage involved." *Findley v. Lipsitz,* 106 Ga. App. 24, 26 (126 SE2d 299) (1962). Monetary consideration is not essential. *Candler General Hospital v. Purvis,* 123 Ga. App. 334, 336 (181 SE2d 77) (1971); *Norman v. Norman,* 99 Ga. App. 755, 760 (109 SE2d 900) (1959).

Applying the above principles to the instant case, the jury could have found the presence of the requisite mutuality of interest which would support a determination that Mrs. Frankel was not a mere social guest but an invitee in the Antmans' home to whom the duty owed was one of ordinary care. *Candler General Hospital v. Purvis,* supra; *Martin v. Henson,* 95 Ga. App. 715 (1) (99 SE2d 251) (1957). Mrs. Frankel and Mrs. Antman shared a "common interest" — the planning of the Hadassah fundraiser — and Mrs. Frankel was present in the Antman home solely for this purpose. See *American Legion v. Simonton,* 94 Ga. App. 184 (94 SE2d 66) (1956). She knew Mrs. Antman solely through their membership in Hadassah and had never been in the Antman home prior to the November 5, 1976 meeting.

We would note in conclusion that our holding in this case is not in conflict with the rule that a mere social guest is a licensee. *Barry v. Cantrell,* 150 Ga. App. 439 (1) (258 SE2d 61) (1979); *Higginbotham v. Winborn,* 135 Ga. App. 753, 755 (218 SE2d 917) (1975); *Haag v. Stone,* 127 Ga. App. 235, 236 (193 SE2d 62) (1972); *Goodwin v. Mullins,* 122 Ga. App. 84, 85 (176 SE2d 551) (1970); *Bryant v. Rucker,* 121 Ga. App. 395 (173 SE2d 875) (1970); *Patterson v. Thomas,* 118 Ga. App. 326, 327 (163 SE2d 331) (1968); *Laurens v. Rush,* 116 Ga. App. 65, 67 (156

SE2d 482) (1967); *Stanton v. Grubb,* 114 Ga. App. 350, 351 (151 SE2d 237) (1966). All we hold here is that under the facts in the instant case, the jury could have found that Mrs. Frankel was more than a mere social guest because sufficient "mutuality of interest" existed between her and the Antmans. Under the evidence before us, we cannot say, as a matter of law, that Mrs. Frankel was a mere social guest. Accordingly, the trial court erred in granting the Antmans' motion for a directed verdict.

*Judgment reversed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JANUARY 7, 1981.

*Jay I. Solomon,* for appellant.
*Peter K. Kintz,* for appellee.