A90A1906, A90A1907. KNISELY et al. v. GASSER et al.; and vice versa.

(403 SE2d 85)

McMURRAY, Presiding Judge.

Kurt A. Knisely and his wife (plaintiffs) sued John J. Gasser and Mary Lou Gasser (defendants) for damages which allegedly resulted after plaintiff Kurt A. Knisely fell down an unlighted and "unguarded stairwell" at defendants' home. Defendants denied the material allegations of the complaint and the parties subsequently filed opposing motions for summary judgment. Depositions were filed and the perti-

nent evidence revealed the following:

Plaintiffs were socially acquainted with defendants for a number of years before the incident which forms the basis of the case sub judice. On July 12, 1986, defendants attended the wedding of plaintiffs' son at "the Hellenic Center on Cheshire Bridge Road." Defendants invited plaintiffs to stay at their home in Atlanta after the wedding "rather than drive all the way back to [plaintiffs' home in] Danielsville[, Georgia]." After the wedding reception ended at about 11:30 that evening, plaintiffs went with defendant Mary Lou Gasser to defendants' home. (Defendant John J. Gasser was then taking the bride and groom to the airport.) Defendant Mary Lou Gasser did not have the keys to her house and, according to plaintiff Kurt A. Knisely, defendant Mary Lou Gasser suggested, " 'Why don't we . . . see if there's an open window or an open door, so we can get in the house.' " Plaintiff Kurt A. Knisely then went to "the back wall of the house where the windows are located, to try and find an open one [and he] just took a step and there was nothing there. . . ." Plaintiff fell down an unguarded and unlighted stairwell leading to defendants' basement that was about "seven or eight feet [deep]." He did not see the stairwell because he was looking for an open window and because it was very dark. Plaintiff Kurt A. Knisely sustained injuries which required hospitalization.

The trial court granted plaintiffs' motion for summary judgment as to liability and denied defendants' motion for summary judgment. The case was later tried before a jury on the issue of damages and the following special verdict was returned: "We, the jury, find in favor of the Plaintiffs and against the Defendants in the following amounts: Past medical expenses [and] tuxedo $2389.00 Past loss of income $1283.00 Pain and suffering past O Pain and suffering future O Loss of consortium O." The trial court entered judgment on the verdict and plaintiffs filed a motion for new trial. The motion for new trial was denied and plaintiffs appealed in Case No. A90A1906. Defendants cross-appealed in Case No. A90A1907. Held:

### Case No. A90A1906

1. In two enumerations plaintiffs contend the trial court erred in denying their motion for new trial, arguing that the jury's verdict is inconsistent and illegal in failing to award damages for pain and suffering and for loss of consortium. More specifically, plaintiffs argue that the verdict awarding them no damages for pain and suffering and loss of consortium is inconsistent with the evidence and with the jury's award for medical expenses. See Ray v. Stinson, 172 Ga. App. 718 (324 SE2d 506), and arguments asserted therein.

The jury returned their award on a special verdict form which

was not challenged by plaintiffs' attorney when it was discussed at the charge conference. During the charge to the jury, the trial court instructed the jury as to the special verdict form and plaintiffs' counsel did not then object to the special verdict form. After the return of the verdict which plaintiffs contend is invalid on its face, counsel for plaintiffs did not object and, after examining the jury's verdict, he responded that the verdict was "fine as to form." "Under these circumstances, we hold that the claim to a new trial on the basis of the form of the verdict has been waived and [that] it is [therefore] unnecessary to reach the merits of [plaintiffs' contentions]." *Ray v. Stinson,* 254 Ga. 375 (329 SE2d 502). See *Tomlinson v. State of Ga.,* 193 Ga. App. 123 (1), 124 (387 SE2d 49).

### Case No. A90A1907

2. Defendants first contend, in their cross-appeal, that the trial court erred in "denying [their] motion for summary judgment holding that [plaintiffs], who were spending the night with [defendants] after attending a wedding party and having consumed alcohol, were not social guests but invitees when [plaintiff Kurt A. Knisely] fell down an unlighted stairwell in [defendants'] back yard."

" 'The elements of legal liability of the owner or proprietor of premises for injuries occasioned to persons thereon, vary according to whether the person injured was, at the time of the injury, a trespasser, a licensee, a visitor under invitation, express or implied, or a person standing in some special relation recognized by law.' *Mandeville Mills v. Dale,* 2 Ga. App. 607 (1) (58 SE 1060) (1907). The owner or proprietor of premises is liable to a licensee only for wilful or wanton injury. Code Ann. § 105-402 [now OCGA § 51-3-2]. As to an invitee, the owner or proprietor owes the duty to exercise ordinary care. Code Ann. § 105-401 [now OCGA § 51-3-1].

" '(W)hether a person is an invitee or a licensee depends upon the nature of his relation or contact with the owner . . . of the premises.' *Chatham v. Larkins,* 134 Ga. App. 856, 857 (216 SE2d 677) (1975). If the relationship solely benefits the injured person, he is at most a licensee. *Chatham v. Larkins,* supra; Code Ann. § 105-402 [now OCGA § 51-3-2]. If the relationship is one of mutual interest to the parties, the injured party is an invitee of the owner. *Flint River Cotton Mills v. Colley,* 71 Ga. App. 288, 291 (30 SE2d 426) (1944); Code Ann. § 105-401 [now OCGA § 51-3-1]." *Frankel v. Antman,* 157 Ga. App. 26, 27 (276 SE2d 87).

In the case sub judice, plaintiffs were social guests of defendants on the night of plaintiff Kurt A. Knisely's injuries and plaintiffs were then at defendants' home for their own convenience, i.e., so that plaintiffs would not have to drive to their home in Danielsville, Geor-

gia. Under these circumstances, plaintiff Kurt A. Knisely was a licensee at the time of his fall, not an invitee. OCGA § 51-3-2 (a). Accordingly, defendants' responsibility to plaintiff Kurt A. Knisely was as follows:

" 'The occupier is subject to liability to a licensee for injury caused by a condition on the property if the occupier (a) knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to the licensee, and should expect the licensee will not realize the danger; and (b) fails to exercise reasonable care to make the condition safe, or to warn the licensee of the condition and risk involved; and (c) the licensee does not know or have reason to know of the condition and the risk.' *Patterson v. Thomas*, 118 Ga. App. 326 (163 SE2d 331) (1968)." *Cummings v. Grubb*, 184 Ga. App. 872, 875 (363 SE2d 167). In the case sub judice, defendants argue that the open stairwell did not rise to the level of wilful and wanton negligence and that, even if it did, plaintiff Kurt A. Knisely had equal knowledge of the hazard and did not exercise ordinary care in traversing near the stairwell. These arguments are without merit.

Defendant Mary Lou Gasser affirmed on cross-examination in her deposition, taken at the instance of plaintiffs, that on the night of plaintiff Kurt A. Knisely's fall the stairwell was unlighted; that it was seven or eight feet deep; that no railing or shrubbery was around it and that if a person was not aware of the stairwell he "may walk right [into it] and fall down." Defendant Mary Lou Gasser further testified that they "just neglected . . ." the area around the stairwell because it was "too much . . ." work. Plaintiff Kurt A. Knisely testified on cross-examination during his deposition, taken at the instance of defendants, that he regularly visited at defendants' house when he and his family resided near defendants several years before his fall, but that in recent years he only visited at defendants' home "[a] couple times a year[.]" Plaintiff Kurt A. Knisely further testified that he has been to defendants' back yard, but that it was "many years . . ." before the fall. (Defendants' attorney did not question plaintiff Kurt. A. Knisely during the deposition as to whether he was familiar or even aware of the open stairwell.) This evidence and other conflicting testimony as to plaintiff Kurt A. Knisely's knowledge of the open stairwell presented, at the very least, genuine issues of material fact as to whether the open stairwell was an unreasonable risk of harm to licensees and whether plaintiff Kurt A. Knisely was aware of the danger. Consequently, the trial court did not err in *denying* defendants' motion for summary judgment.

3. Defendants state in their brief and enumeration of errors that they do not seek a new trial; that they are satisfied with the jury's verdict and that they only wish to pursue their second and third enumerations in the event that plaintiffs prevail in Case No.

A90A1906. Under these circumstances, defendants' second and third enumerations are deemed withdrawn.

*Judgment affirmed in Case No. A90A1906 and in Case No. A90A1907. Sognier, C. J., and Carley, J., concur.*

DECIDED MARCH 1, 1991.

*Kenneth L. Baer*, for appellants.
*Chambers, Mabry, McClelland & Brooks, Genevieve L. Frazier*, for appellees.