## A06A1288. BEHFOROUZ et al. v. VAKIL.

(636 SE2d 674)

MILLER, Judge.

Soussan Behforouz was injured when she slipped and fell on a rug in her mother's house. Behforouz and her husband thereafter sued Behforouz's mother, Farokh Vakil, for Behforouz's personal injuries and her husband's alleged loss of consortium. Vakil moved for summary judgment, which the trial court granted. Behforouz and her husband appeal from this ruling. Since the evidence reveals that Behforouz was a licensee at the time she suffered her injury, and her mother did not act with any intent to harm her, we discern no error and affirm.

On appeal from the grant of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law. *Holbrook v. Stansell,* 254 Ga. App. 553-554 (562 SE2d 731) (2002).

So viewed, the evidence shows that Behforouz was injured when she slipped on a rug while walking through the foyer of her parents' home. Behforouz went to her parents' house to pick up her son, who had been left at the home because Behforouz did not have time to pick him up from school. By her own admission, Behforouz was going upstairs to get her son at the time of her injury, not performing any service for her parents.

The crux of this appeal is whether Behforouz was an invitee or a licensee at the time that she suffered the injury at her mother's house. An invitee is someone whom a landowner, by express or implied invitation, has induced or led to come upon his premises for any lawful purpose. See OCGA § 51-3-1. A licensee, on the other hand, is a person who is neither a customer, a servant, nor a trespasser, who does not stand in any contractual relation with the landowner, and

who is permitted to go on the premises merely for her own interests, convenience, or gratification. See OCGA § 51-3-2. A landlord's tenant, for example, would be an invitee (see *Gaydos v. Grupe Real Estate Investors*, 211 Ga. App. 811, 812 (440 SE2d 545) (1994)), whereas a social guest in one's home is a mere licensee (*Knisely v. Gasser*, 198 Ga. App. 795, 797-798 (2) (403 SE2d 85) (1991)). A landowner has a duty to exercise ordinary care in keeping her premises and approaches safe for invitees, but generally has a duty to protect licensees only from wilful or wanton injury. See OCGA §§ 51-3-1; 51-3-2 (b).[1]

Here, the record reveals that the primary purpose of Behforouz's visit to her parents' home was to pick up her son. Indeed, at the time of her injury, she was doing exactly that. As a mere social guest in her parents' home picking up her son for her own convenience and gratification, Behforouz was a licensee at the time of her injury.[2] See OCGA § 51-3-2; *Knisely*, supra, 198 Ga. App. at 797-798 (2). As a licensee, Behforouz was owed a duty from her mother only to be protected from wilful and wanton injury. Since there is no evidence that Behforouz's mother acted with any intent to harm her, the mother cannot be held liable for her daughter's injuries. See *Trulove v. Jones*, 271 Ga. App. 681, 682 (1) (610 SE2d 649) (2005).

Absent any evidence showing that Vakil acted wilfully or wantonly to injure Behforouz, the trial court properly granted summary judgment to Vakil on Behforouz's personal injury claims. Since Behforouz's husband's claim for loss of consortium is derivative of his wife's personal injury claims, the trial court properly granted summary judgment to Vakil on the loss of consortium claim as well. *White v. Hubbard*, 203 Ga. App. 255, 257 (416 SE2d 568) (1992).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 29, 2006 —
RECONSIDERATION DENIED SEPTEMBER 20, 2006 — ▮

---

[1] There are circumstances, not present here, where a duty of ordinary care can arise with respect to a licensee. See *Handiboe v. McCarthy*, 114 Ga. App. 541, 542 (2) (151 SE2d 905) (1966) (while landowner owes a duty of ordinary care to a licensee whose presence is known to him, such duty does not arise as to a mere dangerous static condition, as the duty to a licensee under those circumstances is merely not to wilfully or wantonly injure such licensee).

[2] Even though Behforouz had dropped off some medication for her father just prior to making her way to the staircase, this did not change her status to that of an invitee. "[T]he fact that incidental services are performed by a guest during the course of [her] visit does not make [her] an invitee." (Citations omitted.) *Brown v. Clay*, 166 Ga. App. 694, 695 (305 SE2d 367) (1983).

*McGahren, Gaskill & York, Matthew F. McGahren, Eric J. Marlett,* for appellants.

*Goodman, McGuffey, Lindsey & Johnson, James F. Cook, Jr., Elliot D. Tiller,* for appellee.