**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

October 16, 2012

# In the Court of Appeals of Georgia

A12A1316. THOMPSON et al. v. OURSLER et al.

ANDREWS, Judge.

While William Oursler, Jr. was a social guest at Robert and Peggy Thompson's house, he was standing on a wooden deck attached to the side of the house when the deck suddenly and without notice detached from the house and collapsed. Oursler sued the Thompsons claiming that injuries he suffered when the deck collapsed were proximately caused by the Thompsons' negligent failure to inspect and maintain the deck in a safe condition. Oursler's wife joined in the suit asserting a loss of consortium claim. Pursuant to our grant of the right to an interlocutory appeal, the Thompsons appeal from the trial court's denial of their motion for summary judgment. For the following reasons, we find that the Thompsons were entitled to summary judgment and reverse.

There is no evidence in the record as to why the deck suddenly detached and collapsed. There is no evidence that the deck was not built or maintained according to any statute, code, or regulation. There is no evidence that the deck was overcrowded when it detached and collapsed. Oursler testified that, prior to the collapse, he had been a guest on the deck numerous times and had walked underneath the deck, and that at no time did he observe anything about the deck or how it was attached to the house that caused him to suspect it was unstable or structurally unsound. Although Oursler said that the wood on the deck appeared weathered and needed to be painted or stained, he said this was only a cosmetic issue and that he had no reason to believe the wood was cracked or broken or that the deck was unsafe. There is nothing in the record showing that the Thompsons knew or should have known that the deck was unsafe.

"Georgia has adopted the rule that a social guest is not an invitee but is a licensee." *Moon v. Homeowners' Assn. of Sibley Forest, Inc.*, 202 Ga. App. 821, 822 (415 SE2d 654) (1992) (punctuation and citations omitted). Under this rule, the Thompsons could incur liability for breach of duty to Oursler as a social guest-licensee only for wilfully or wantonly allowing a dangerous static condition in the deck to cause his injuries. OCGA § 51-3-2 (b); *Flagler Co. v. Savage*, 258 Ga. 335,

337 (368 SE2d 504) (1988); *Hartley v. Macon Bacon Tune, Inc.*, 227 Ga. App. 679, 681-682 (490 SE2d 403) (1997), vacated on other grounds, 234 Ga. App. 815, 816 n.1 (1998). However, "it is also usually wilful and wanton not to exercise ordinary care to prevent injuring a person who is actually known to be or may reasonably be expected to be, within range of a dangerous act being done or a hidden peril on one's premises." *Hartley*, 227 Ga. App. at 682 (citation, punctuation and emphasis omitted). In other words,

> [a] possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved.

*Patterson v. Thomas*, 118 Ga. App. 326, 328 (163 SE2d 331) (1968) (punctuation and citation omitted); *London Iron & Metal Co. v. Abney*, 245 Ga. 759, 761 (267 SE2d 214) (1980). Because there is an absence of evidence in the record that the Thompsons knew or had reason to know of any dangerous condition in the deck that caused the deck to detach from the house and collapse, the trial court erred by

3

denying the Thompsons' motion for summary judgment. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

*Judgment reversed. Doyle, P. J., and Boggs, J., concur.*