**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 21, 2021**

# In the Court of Appeals of Georgia

A21A0845, A21A0846. STANTON v. GRIFFIN; and vice versa.

PHIPPS, Senior Appellate Judge.

Victoria Stanton injured her foot when she fell from a zipline on property owned by Martha Griffin. Stanton sued Griffin for damages on the theory of premises liability, and the trial court granted Griffin's motion for summary judgment. In Case No. A21A0845, Stanton appeals from this order, contending the trial court erred by finding that (1) Stanton was a licensee rather than an invitee at the time of her injury; (2) Griffin did not violate the applicable standard of care to Stanton; (3) Stanton's premises liability case was not converted to an ordinary negligence case by "active negligence" on the part of Griffin; and (4) Stanton assumed the risk of injury. In Case No. A21A0846, Griffin appeals from the trial court's order denying her motion to

dismiss Stanton's appeal on the ground that Stanton failed to timely file the transcript of the summary judgment hearing or pay the costs of preparing the record for appeal. For the reasons set forth below, we affirm the grant of summary judgment to Griffin and we dismiss as moot Griffin's appeal from the order denying her motion to dismiss Stanton's appeal from the summary judgment ruling.

*Case No. A21A0845*

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Peterson v. Peterson*, 303 Ga. 211, 213 (1) (811 SE2d 309) (2018) (citations and punctuation omitted). "On appeal from an order granting or denying summary judgment, we conduct a de novo review, construing the evidence and all reasonable conclusions and inferences drawn therefrom in the light most favorable to the nonmovant." *State Automobile Mut. Ins. Co. v. Todd*, 309 Ga. App. 213, 213-214 (1) (709 SE2d 565) (2011) (citation and punctuation omitted).

So viewed, the evidence shows that on the day she was injured, Stanton accompanied her then-future[1] mother-in-law to a family reunion hosted by Griffin and

---

[1] Stanton and her fiancé later married.

her husband on property owned by Griffin. Griffin's husband is Stanton's mother-in-law's brother. Stanton's mother-in-law testified in a deposition that no one is charged to attend the family reunion, but family members chip in to help with the cost of hosting it. According to Stanton's mother-in-law, she donated what she believed was enough to cover herself, her children, and Stanton.

At some point after arriving at the reunion, Stanton walked over to an area near a zipline that had been installed by Griffin's husband. Prior to riding the zipline, Stanton watched as others rode. Stanton testified in a deposition that she saw two people successfully ride the zipline, although one of them had to swing his body back and forth to keep his momentum going. While Stanton was standing nearby, another person riding the zipline stalled part way across and had to drop to the ground. When Stanton rode the zipline, she also came to a stop about halfway across. She then let go of the zipline handle and dropped to the ground, injuring her foot.

Stanton sued Griffin for damages on the theory of premises liability. Griffin filed a motion for summary judgment, which the trial court granted. This appeal followed.

1. Stanton argues that the trial court erred by finding that she was a licensee, rather than an invitee, on Griffin's property. This is important because, as discussed

3

below in Division 2, the duty owed to an invitee generally is greater than that owed to a licensee. We conclude that the trial court properly found that Stanton was a licensee at the time of her injury.

> An invitee is someone whom a landowner, by express or implied invitation, induces or leads to come upon his premises for any lawful purpose. A licensee, on the other hand, is a person who is neither a customer, a servant, nor a trespasser, who does not stand in any contractual relation with the landowner, and who is permitted to go on the premises merely for her own interests, convenience, or gratification.

*Howard v. Gram Corp.*, 268 Ga. App. 466, 467 (602 SE2d 241) (2004); see OCGA §§ 51-3-1 and 51-3-2 (a).

> The general test as to whether a person is an invitee or a licensee is whether the injured person at the time of the injury had present business relations with the owner of the premises which would render his presence of mutual aid to both, or whether his presence on the premises was for his own convenience, or on business with others than the owner of the premises. In the absence of some relation which inures to the benefit of the two, or to that of the owner, no invitation may be implied, and the injured person must be regarded as a licensee.

*Robinson v. Turner*, 164 Ga. App. 515, 516 (297 SE2d 522) (1982) (citation and punctuation omitted). "The test of 'mutuality of interest' under [OCGA § 51-3-2] is generally used in reference to a business in which the occupant is engaged or which

4

he permits to be carried on there; it has no application in regard to a mere *social guest*." Id. (citation and punctuation omitted). Rather, Georgia has consistently adopted the rule that "a social guest is not an invitee but is a licensee." *Moon v. Homeowners' Assn. of Sibley Forest*, 202 Ga. App. 821, 822 (2) (415 SE2d 654) (1992) (citation and punctuation omitted); see also *Cham v. ECI Mgmt. Corp.*, 353 Ga. App. 162, 165 (1) (a) (836 SE2d 555) (2019); *Brown v. Dickerson*, 350 Ga. App. 137, 138 (828 SE2d 376) (2019); *Thompson v. Oursler*, 318 Ga. App. 377, 378 (733 SE2d 359) (2012).

> Thus, whether a person is an invitee or a licensee depends upon the nature of his relation or contact with the owner (or tenant) of the premises. If the relation solely benefits the person injured, he is at most a licensee. If, on the other hand, the relation was of mutual interest to the parties, he is an invitee. While the mutuality of interest required to render a person an invitee does not necessarily contemplate mutual economic or monetary advantage, the legal status of a mere social guest is, nevertheless, that of a licensee. And the fact that incidental services are performed by the guest during the course of his visit does not make him an invitee. But if the primary purpose of the visit is to perform services for the host or services mutually beneficial to host and guest, the legal status of the visitor is that of an invitee.

5

*Chatham v. Larkins*, 134 Ga. App. 856, 857-858 (2) (216 SE2d 677) (1975) (citations omitted).

Here, it is undisputed that Stanton was on Griffin's property to attend a family reunion. Stanton testified that she was a social guest, and she concedes that a "social guest" is a licensee. She argues, however, that a social guest can have her status changed from licensee to invitee based on the existence of mutuality of interest between the parties and that the trial court erred in applying a common meaning to the term "social guest" to determine her status.

In that regard, Stanton contends that there is evidence in the record that would authorize a jury to find mutuality of interest between her and Griffin and change her status from licensee to invitee. While Stanton does not argue that she provided any services to Griffin, she maintains that a jury could find mutuality of interest because (1) her mother-in-law contributed money to cover Stanton's attendance at the event, (2) other attendees also contributed to the cost of the event, and (3) the event smoothed a strained relationship between her mother-in-law and Griffin's husband, thereby "attaining . . . broader organizational goals."

Stanton argues that her case is on point with the facts in *Frankel v. Antman*, 157 Ga. App. 26 (276 SE2d 87) (1981). In *Frankel*, the primary issue was the legal

6

status of a volunteer member of a charitable organization attending a meeting of the organization in a private home. 157 Ga. App. at 26. The meeting was being held to plan the organization's annual fundraising event. Id. We found that the volunteer and the homeowner "shared a 'common interest' – the planning of the . . . fundraiser – and [the volunteer] was present in the . . . home solely for this purpose." Id. at 27. Consequently, we held that "the jury could have found that [the volunteer] was more than a mere social guest because sufficient 'mutuality of interest' existed between her and the [homeowners]." Id. at 28. Stanton's reliance on *Frankel* is misplaced, because the visitor in that case was present solely for the purpose of attending the meeting of the charitable organization. Stanton, on the other hand, was on Griffin's property to attend a social event. While Stanton contends that "there are significant facts that bear upon the mutuality of interest" here and "commonalities" between the parties, she does not identify any "common interest" that she and Griffin shared or point to any evidence that she was on Griffin's property to promote any such interest. Consequently, *Frankel* does not support Stanton's argument that she was an invitee. See *Riley v. Brasunas*, 210 Ga. App. 865, 866 (1) (438 SE2d 113) (1993) (concluding that "[t]he fact that a joint family social trip for their mutual personal benefit was being planned while appellants were guests in appellees' private residence would not

7

elevate their status from that of licensee to an invitee," and distinguishing *Frankel* on that basis). Accordingly, the trial court did not err by finding that Stanton, as a social guest, was a licensee.

2. Stanton argues that questions of material fact remained regarding the existence of a hidden peril, and, therefore, the trial court erred when it ruled that Griffin did not violate the applicable standard of care. Again, we disagree.

> Under Georgia premises liability law, the general rule is that the duty owed to an invitee is greater than that owed to a licensee. A property owner owes a duty to invitees to exercise ordinary care to keep the premises and approaches in a reasonably safe condition. A property owner owes a more narrow duty to licensees not to injure them wilfully or wantonly. Wilful misconduct is based on an actual intention to do harm or inflict injury, and wanton misconduct has been described as that which is so reckless or so charged with indifference to the consequences as to be the equivalent in spirit to actual intent.

*Brown*, 350 Ga. App. at 138-139 (citations and punctuation omitted). In regard to a landowner's duty to a licensee, we have further held that

> [a]n owner owes to a licensee no duty as to the condition of the premises save that he should not knowingly let him run upon a hidden peril or wilfully cause him harm. A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and

8

should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved.

*Collins v. Glover*, 273 Ga. App. 352, 353 (615 SE2d 194) (2005) (citations and punctuation omitted); see also *Patterson v. Thomas*, 118 Ga. App. 326, 327-328 (163 SE2d 331) (1968). "Therefore, the danger must be known and foreseen by the property owner before a duty to protect [a licensee] exists." Brown, 350 Ga. App. at 139 (citation and punctuation omitted).

Stanton argues that there are questions of material fact "as to whether Defendant created a hidden danger that he knew to exist." In support of this argument, Stanton contends that Griffin's husband designed the zipline with slack "to limit the speed the zipline could go so as to keep his grandchildren safer," thus creating "a hazard in the zipline he knew about." Griffin's husband, however, was not named as a defendant in this lawsuit. Even assuming that the slack in the zipline was a "hidden peril," Stanton has not pointed to any evidence in the record that Griffin (as opposed to her husband) knew or had reason to know of any dangerous condition in

the zipline. Consequently, the trial court did not err in finding that Griffin did not violate the duty she owed to Stanton as a licensee. See *Thompson*, 318 Ga. App. at 379 (to avoid summary judgment, licensee must come forward with evidence that property owner knew or had reason to know of dangerous condition that caused licensee's injury).

3. Stanton next contends that Griffin, with knowledge of Stanton's presence on the property, engaged in active negligence in the operation of the zipline, converting this case from a premises liability case to an ordinary negligence case. Stanton argues that the trial court erred in finding that there was no active negligence on Griffin's part. We find no error.

The standard of care owed by a landowner to one on his property varies depending on whether the injury arises from pre-existing conditions or active negligence, i.e., the landowner's acts or omissions occurring while the plaintiff is on the premises. *Brownlee v. Winn-Dixie Atlanta, Inc.*, 240 Ga. App. 368, 369 (2) (523 SE2d 596) (1999). When the injury arises from pre-existing conditions, the landowner is liable to a licensee only for willful or wanton injury, as discussed above. See OCGA § 51-3-2 (b); *Brown*, 350 Ga. App. at 139; *Nunn v. Page*, 265 Ga. App. 484, 485 (1) (594 SE2d 701) (2004); *Riley*, 210 Ga. App. at 867 (1). On the other hand,

10

when the injury arises from active negligence, the landowner must use ordinary care to prevent injuring the licensee, and the inquiry is whether the landowner could reasonably foresee that his actions or inactions would cause injury. See OCGA § 51-1-2; *Byrom v. Douglas Hosp., Inc.*, 338 Ga. App. 768, 772 (2) (792 SE2d 404) (2016); *Brownlee*, 240 Ga. App. at 369 (2); *Wade v. Mitchell*, 206 Ga. App. 265, 267 (2) (c) (424 SE2d 810) (1992).

Stanton relies primarily on *Lipham v. Federated Dept. Stores*, 263 Ga. 865 (440 SE2d 193) (1994), to support her argument that Griffin, with knowledge of Stanton's presence on the property, "engaged in active negligence in the operation of the zipline[, thereby] converting this matter from a premises liability case to an ordinary negligence matter." In *Lipham*, a Rich's employee "turned around quickly and unintentionally knocked [the plaintiff] to the ground, causing injury to her." *Lipham*, 263 Ga. at 865. The Supreme Court of Georgia distinguished the plaintiff's claims from a premises liability claim on the basis that the case did "not concern a condition of the premises over which Rich's could have exercised some degree of control or of which Rich's could have warned; instead, the claims pertain[ed] to an act of active negligence on the part of a Rich's employee." Id.

11

Here, Stanton argues that jury questions exist regarding whether Griffin engaged in active negligence by "allow[ing] people to operate the zipline without any safety information or equipment" and failing to give "warnings, instructions, or assistance." Contrary to Stanton's argument, however, there is no evidence that she was injured by any active negligence on the part of Griffin. In that regard, Stanton's claims that Griffin should have exercised greater control over how the zipline was used or warned Stanton of the danger of using the zipline do not convert this matter from a premises liability case to an ordinary negligence matter. See *Lipham*, 263 Ga. at 865 (liability is determined under the framework of premises liability if an injury is caused by a condition of the premises over which the owner/operator has some degree of control). Consequently, the trial court did not err in finding that there was no active negligence in this case.

4. Based on our conclusions in Divisions 1, 2, and 3, we need not address Stanton's contention that the trial court erred in finding that she assumed the risk of injury.

*Case No. A21A0846*

5. Griffin moved to dismiss Stanton's appeal from the summary judgment ruling pursuant to OCGA § 5-6-48 (c), which permits a trial court to dismiss an

12

appeal where there has been an inexcusable, unreasonable delay in the filing of the transcript caused by the party seeking to appeal. Griffin also argued that Stanton's appeal should be dismissed because Stanton failed to pay the costs to perfect her appeal for an unreasonable period of time. The trial court denied Griffin's motion, and Griffin appeals from that ruling. "Because we affirm the trial court's grant of summary judgment to [Griffin], we do not need to address whether the trial court erred in denying [Griffin's] motion to dismiss the appeal from the summary judgment ruling. Instead, we dismiss as moot [Griffin's] appeal from the ruling denying the motion to dismiss the appeal." *280 Partners, LLC v. Bank of North Ga.*, 352 Ga. App. 605, 612 (2) (835 SE2d 377) (2019). See also *Rhoades v. McCormack*, 353 Ga. App. 635, 639 (2) (839 SE2d 171) (2020).

*Judgment affirmed in Case No. A21A0845. Appeal dismissed as moot in Case No. A21A0846. Rickman, C. J., and McFadden, P. J., concur.*