**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 10, 2026**

# In the Court of Appeals of Georgia

A25A1723. RADHESHVAR, LLC v. PEREZ LARIOS.

FULLER, Senior Judge.

In this premises liability action, defendant Radheshvar, LLC, which owns a motel, appeals from the trial court's order denying its motion for summary judgment. Radheshvar contends that the undisputed evidence demonstrated that the plaintiff, Kenneth A. Perez Larios, was a "licensee" when he visited a motel guest, thus entitling it to judgment as a matter of law. We disagree and affirm.

This Court reviews a decision on summary judgment de novo, "viewing the evidence and all reasonable conclusions and inferences drawn from it in the light most favorable to the nonmovant." *Hall County Bd. of Tax Assessors v. Oliver Family Invs.*, 374 Ga. App. 806, 806 (914 SE2d 319) (2025). So viewed, the evidence shows that

Radheshvar owns a motel in Atlanta. Perez Larios's cousin, who was visiting from out of town, rented a room at the motel on July 24, 2021. Perez Larios was not renting a room at the motel, but he went there around 10:00 p.m. at the invitation of his cousin, and they socialized with a few other people in his cousin's room. Everyone then left the motel together to eat dinner. Upon their return to the motel, Perez Larios and his cousin walked toward his cousin's room. When Perez Larios arrived at the door to the room, he realized that he needed the keycard to enter and that his cousin had become distracted by his phone. As Perez Larios walked back toward his cousin, someone attacked Perez Larios in the breezeway, causing him serious injuries.

Perez Larios sued Radheshvar for premises liability and related claims. Radheshvar moved for summary judgment on the basis that it could not be liable in the absence of wanton or wilful injury because Perez Larios — who had not rented a room at the motel but was merely a "social guest" of his cousin — was a licensee and not an invitee as a matter of law. The trial court ruled that a jury could find that Perez Larios was an invitee of Radheshvar and accordingly denied summary judgment as to

premises liability.[1] We granted Radheshvar's application for interlocutory review, and this appeal follows.

Radheshvar contends the trial court erred in denying its motion for summary judgment because, as a social guest of an invitee, Perez Larios was a licensee as a matter of law, foreclosing its liability. We find no error.

Summary judgment is proper only "when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Oliver Family Invs.*, 374 Ga. App. at 806. Accord OCGA § 9-11-56(c). And it is the movant's burden to show that summary judgment is warranted. *Oliver Family Invs.*, 374 Ga. App. at 806.

As a general rule, "a landowner has a duty to keep its premises safe for visitors, and this duty depends, to a certain extent, on whether the one entering the property is an invitee, a licensee or a trespasser." *Cham v. ECI Mgmt. Corp.*, 311 Ga. 170, 173(2)(a) (856 SE2d 267) (2021) (quotation marks omitted). A landowner owes the duty of "ordinary care" to an invitee. Id. Accord OCGA § 51-3-1 ("Where an owner or occupier of land, by express or implied invitation, induces or leads others to come

---

[1] The trial court granted Radheshvar's motion for summary judgment as to Perez Larios's related claims for vicarious liability and negligent hiring, training, and supervision. Those claims are not at issue in this appeal.

upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."). However, a landowner owes a "lower standard of care" to a licensee, to whom he is liable only for wilful or wanton injury. *Cham*, 311 Ga. at 174(2)(a). Accord OCGA § 51-3-2(b). By statute, a licensee is a person who is "neither a customer, a servant, nor a trespasser," is not in a contractual relationship with the owner of the premises, and is "permitted, expressly or impliedly, to go on the premises merely for his own interests, convenience, or gratification." OCGA § 51-3-2(a). At issue in this case is whether Perez Larios was a licensee as a matter of law.

Whether one is an invitee or a licensee depends on the nature of one's relationship with the owner of the premises. *Frankel v. Antman*, 157 Ga. App. 26, 27 (276 SE2d 87) (1981). "If the relationship is one of mutual interest to the parties, the injured party is an invitee of the owner." Id.

> The mutuality of interest required to make one an invitee upon the premises of another does not mean that there must be a commercial business transaction between the parties. It is sufficient to show that each party is moved by a lawful purpose or interest in the object and subject matter of the invitation. The visitor is an invitee if the enterprise is mutual, each lawfully interested therein or there being a common

interest or mutual advantage involved. A monetary consideration is not essential.

*Esposito v. Pharr Ct. Assocs.*, 334 Ga. App. 434, 437(1) (779 SE2d 675) (2015) (quotation marks omitted). On the other hand, if "the relationship solely benefits the injured person, he is at most a licensee." *Frankel*, 157 Ga. App. at 27. Thus, in determining whether a visitor is an invitee or a licensee, the critical inquiry is whether the owner or occupant of the premises "will receive some benefit, real or supposed, or has some interest in the purpose of the visit." *Cham*, 311 Ga. at 174(2)(a) (quotation marks omitted).

Radheshvar asserts that, as a social guest of his cousin, Perez Larios did not benefit the motel by his presence. As a general rule, a social guest in a defendant's private home is a licensee. See, e.g., *Riley v. Brasunas*, 210 Ga. App. 865, 866 (1) (438 SE2d 113) (1993). But "Georgia law appears at best unsettled as to whether a hotel invitee's guest is an invitee, licensee, or something else." *J. G. v. Northbrook Indus., Inc.*, 619 FSupp3d 1228, 1239(IV)(B)(1) (ND Ga. 2022). Georgia courts have found that an injured party who is a guest of a tenant on property owned by a landlord or of a customer visiting a place of business can be an invitee of the landlord and/or the

business. For example, "[a] person who comes to a tenant's apartment for a social visit will in most cases be an invitee of the landlord in the common area of an apartment complex, because the landlord generally receives some benefit or has some interest in the guest's presence on the property." *Cham*, 311 Ga. at 182(3) n.13 (citation modified). "Similarly, in the commercial context, the customer of a business is typically an invitee of the business owner, and our courts generally have agreed that a guest or companion of a customer may also be considered an invitee on business premises, even though the guest has no business relationship with the owner or proprietor." Id. This is because, oftentimes, there is a "mutuality of benefit between a tenant's social guest and a landlord or a customer's companion and a business owner." Id.

Applying these general guidelines here, the only evidence before this Court is that Perez Larios was invited to visit the motel by his cousin, who had rented a room at the motel, and that Perez Larios was attacked in a breezeway while attempting to return to his cousin's room. Although Radheshvar argues that Perez Larios's presence was of no benefit to it, it cites to *no evidence* in support of this claim. And indeed, Radheshvar admits that there is no evidence that it prohibited or discouraged its

customers from inviting social guests to their rooms. Rather, the evidence that Perez Larios was visiting a paying motel guest when he was attacked is sufficient to create a genuine issue of material fact as to whether he was an invitee. See *Cham*, 311 Ga. at 182(3) n.13 (explaining that there is often mutuality of benefit between a customer's companion and a business owner). See, e.g., *Anderson v. Cooper*, 214 Ga. 164–65, 169(1) (104 SE2d 90) (1958) (holding that a premises liability action against a bakery was not subject to dismissal because the bakery "received a real benefit and had a real interest in permitting" the injured child to accompany his father "into the premises for the purpose of purchasing bakery products"); *Esposito*, 334 Ga. App. at 437(1) (finding a genuine issue of material fact as to whether injured plaintiff, who was visiting her husband at a nursing home, was an invitee or a licensee because she provided "much of the daily care for her husband," and the facility's director of nursing "considered visitors to be customers"); *Freeman v. Eichholz*, 308 Ga. App. 18, 22(1) (705 SE2d 919) (2011) (physical precedent only) (holding that injured plaintiff was an invitee of prison she visited because there was evidence showing that visitation of prisoners benefitted prison officials and the state penal system).

Radheshvar, however, argues that this case is similar to other cases in which Georgia courts have found that, as a matter of law, the injured party was a licensee. Given the record before us, we disagree. In *Manners v. 5 Star Lodge & Stables, LLC*, 347 Ga. App. 738 (820 SE2d 754) (2018), the plaintiff made a social visit to a lodge employee who lived in an apartment on lodge property, during which the plaintiff was injured. Id. at 738(1). This Court affirmed the grant of summary judgment to the lodge on the basis that the plaintiff was a licensee. Id. at 740–42(3). But these facts are distinguishable: Perez Larios was a guest of a paying customer, rather than the guest of an employee who lived on the property. In *Jones v. Asa G. Candler, Inc.*, 22 Ga. App. 717, 717, 721 (97 SE 112) (1918), this Court held that the injured plaintiff, who entered a commercial building to solicit a donation, rather than to transact business with a tenant, was a licensee and not an invitee of the building's owner. Again, the facts of this case are distinguishable. In *Jones*, the plaintiff's visit was unconnected to the commercial tenant's business. See id. Here, Radheshvar is in the business of renting motel rooms, and Perez Larios was visiting such a room rented to his cousin, creating a genuine issue of material fact as to whether his presence was of some benefit to Radheshvar.

On this record, Radheshvar has not met its burden of establishing that Perez Larios is a licensee as a matter of law, such that it is entitled to summary judgment on the premises liability claim absent evidence of wilful and wanton injury. See *Cham*, 311 Ga. at 174(2)(a).

*Judgment affirmed. Dillard, P. J., and Mercier, J., concur.*